[No. 1088. Decided April 3, 1894.]

R. F. RADEBAUGH, *Plaintiff*, v. TACOMA AND PUYALLUP RAILROAD COMPANY *et al.*, *Defendants*.

MASON MORTGAGE LOAN COMPANY, *Appellant*, v. J. C. BENEDICT *et al.*, *Respondents*.

RECEIVERS — SUIT IN INTERVENTION — APPEAL — FINAL ORDER — NOTICE — MORTGAGE OF ROLLING STOCK — POSSESSION OF RECEIVER.

Where a receiver of a railroad corporation has been appointed in an action instituted for that purpose, an order, made upon a complaint in intervention by preferred creditors against a mortgagee of the property, directing the sale of the rolling stock to satisfy the claims of the preferred creditors, is an appealable order, as the title to the rolling stock is thereby absolutely determined adversely to the claim of the mortgagee.

In such a proceeding the statute requiring all parties not joining in the appeal to be served with notice is complied with by service upon the receiver, who is the representative of all the creditors, and by the joinder or notification of all parties to the proceedings in intervention.

Where an appeal is from an order incident to a receiver's suit, and is not an attack upon the order appointing a receiver, the appellate court is not authorized to inquire into the regularity of the proceedings leading up to the appointment of the receiver.

Under the laws of this state, Gen. Stat., §§ 1646 *et seq.*, a mortgage upon the real estate of a railroad, and purporting to cover the rolling stock also, does not bind the latter class of property, when the instrument is executed and recorded as a real estate mortgage, and does not comply with the formalities required in the execution of chattel mortgages.

The appointment of a receiver of a railroad corporation has the same effect in law as though the creditors, whom he represents, had taken possession of the rolling stock under legal proceedings, and the right of a mortgagee to take possession of the rolling stock does not give the mortgagee any priority over creditors, when its right of possession accrues subsequent to the appointment of the receiver.

*Appeal from Superior Court, Pierce County.*

*Campbell & Powell*, and *Crowley & Sullivan*, for appellant.

*A. R. Titlow*, and *Calkins & Shackleford*, for respondents.

The opinion of the court was delivered by

HOYT, J. — Upon the application of a judgment creditor, a receiver was appointed for the Tacoma & Puyallup Railroad Company, who duly qualified and entered upon the discharge of his duties as such receiver. The appellant, the Mason Mortgage Loan Company, had a mortgage upon the railroad of said company, which, by express terms, included the rolling stock and other appurtenances belonging thereto. This was executed and recorded as a real estate mortgage, but was not executed with the formalities required by our statute to make it good as a chattel mortgage as between the mortgagee and a creditor of the mortgagor. The receiver, in reporting claims against the corporation, designated those of certain laborers as preferred, and upon a hearing at which the holders of such preferred claims and the appellant seem to have been the only active participants, the court held that a part of these claims were entitled to be paid before those of the body of the creditors, and directed the sale of the rolling stock of the railroad to provide funds for that purpose. This adjudication by the court was upon a complaint in intervention by the holders of the preferred claims and the answer of the appellant, but we are unable to see how that fact could have any weight in determining the rights of the parties, since such proceedings were all in the suit in which the receiver had been appointed. The rights of such claimants and of the appellant as to said rolling stock could as well have been determined in the regular progress of the receiver's suit without any such intervention. Prior to the making of the order from which this appeal was

prosecuted, the appellant had sought permission to wage its suit for the foreclosure of its mortgage outside of the suit in which the receiver had been appointed, and had been denied such right, but we are likewise unable to see how this fact could in any manner aid the contention of the appellant as to the ruling of the court in making the order complained of.

The respondents interpose here a motion to dismiss the appeal, for the reason that all the parties who had appeared in the receiver's suit had not joined in the appeal or been served with notice thereof, and for the further reason that the order was not such an order as would sustain an appeal.    The order, by its terms, absolutely determined adversely to the claim of the appellant, the title to the rolling stock of said railroad, and was, in our opinion, a final one within the meaning of our statute as to appeals.    All the parties to the proceedings in intervention were joined or notified, which was all that was necessary if it was to be taken as a special proceeding incident to, or outside of, the receiver's suit.    If, however, it was a proceeding in that suit, the receiver was the representative of all the creditors to such an extent that service upon him was sufficient.    The motion to dismiss must be denied.

Upon the merits of the appeal counsel for appellant have presented an elaborate brief in which they have attacked the regularity of the proceedings which led up to the appointment of the receiver, and many other of the rulings of the court in said receiver's suit.    The questions thus raised and discussed are important ones, and are sufficient to show that the original proceedings for the appointment of the receiver may not have had the most solid foundation. In our opinion, however, none of these questions are open for investigation on this appeal.    They could only be raised by a direct appeal from the order appointing the receiver, or from such other orders as are complained of.

This appeal, being from an order incident to the receiver's suit, and not an attack upon the order appointing such receiver, does not authorize us to do more than to determine as to the ruling of the court in making the particular order from which the appeal was taken.

The superior court held that appellant's mortgage not having been executed with the formality required was of no effect as between the mortgagee and creditors of the mortgagor so far as the rolling stock of the railroad was concerned.   If it was right in so holding, the appellant was not aggrieved by the order from which it appealed. If it was wrong, it is aggrieved for the reason that under the order the property might be sold, and pass out of the jurisdiction of the court before its rights under the mortgage could be determined and enforced.   In our opinion this is the only question material to this appeal. It is claimed on the part of the appellant that its mortgage, which covered the real estate belonging to the railroad company, and purported also to cover the rolling stock, was valid, and binding upon both classes of property, even although it was only executed and recorded as a real estate mortgage.   The respondents claim directly the contrary, and argue that under the express provisions of our statute a mortgage of personal property is void as against creditors of the mortgagor or subsequent purchasers and incumbrancers for value, unless it is executed with certain formalities therein provided for.   Our statute upon the subject is somewhat peculiar, and from the section which provides as to what property may be the subject of a mortgage, if it stood alone there would be some reason for holding that the rolling stock of a railroad company was not put upon the same basis as other kinds of personal property.   The section referred to is as follows:

"SEC. 1646.   Mortgages may be made upon all kinds of personal property, and upon the rolling stock of a railroad

company, and upon all kinds of machinery, and upon boats and vessels, and on growing crops, and on portable mills and such like property.''

But when the language therein used is interpreted in the light of other sections of the chapter in which the section is found, it appears that there could have been but one intent on the part of the legislature, and that was to put the rolling stock of a railroad upon the same footing as other personal property.   Such being the intent of the legislature, is there anything in the nature of the property or of the transaction covering it with a mortgage which will warrant the court in setting aside such apparent intention? Counsel for appellant argue that there is, and cite the case of *Hammock v. Farmers' Loan & Trust Co.*, 105 U. S. 77, to sustain their contention.   This case having been decided by the highest court in the land, and bearing evidence of careful consideration, is entitled to great weight, and if the reasoning of the court in that case could be fully applied to this one, we should be content to follow it, and sustain the contention of appellant.   In our opinion, however, the reasoning therein can have but little force in determining the question now under consideration.   The contention there that the mortgage which purported to cover the rolling stock was void, for the reason that it was not executed and recorded as a chattel mortgage, was founded entirely upon the provision contained in the constitution of the State of Illinois, which declared, as does our own constitution, the rolling stock of railroad companies to be personal property; and the court held that that provision in itself had not so determined the fact that such rolling stock could only be mortgaged as personal property as to prevent the legislature from providing that it might be mortgaged as a part of the franchise and real estate of the corporation, and that a statute which so provided was not void because of such constitutional provision.

In the case at bar we not only have the constitutional provision, but we have in addition thereto the statute as to chattel mortgages which, as we have seen, provides that rolling stock is personal property within the terms and for the purposes of such statute. Such being the fact, we ought not to enter upon such a discussion as did the supreme court of the United States as to the construction of the constitutional provision as affected by questions of public policy. When the legislation is such as to show clearly the intent of the legislature, the courts have no right to investigate as to whether or not public policy will be best subserved by a construction of the statute in accordance with such intention. Under the provisions of the New York statute as to mortgages of personal property, there were at least as good grounds for contending that they did not apply to mortgages of the rolling stock of a railroad as under our statute, yet it has been uniformly held in the highest court of that state that the fact of the manifest inconvenience and injustice of the application of the provisions of their statute as to chattel mortgages to such rolling stock was not sufficient to warrant the court in sustaining a mortgage upon such property not executed and recorded as provided for in the statute. See *Hoyle v. Plattsburgh & Montreal R. R. Co.*, 54 N. Y. 314; *Vilas v. Page*, 106 N. Y. 439 (13 N. E. 743).

There are cases in other states to the same effect, but the appellant having cited only the case above referred to, and that of *Dow v. Memphis & L. R. R. Co.*, 20 Fed. 260, to sustain the contrary contention, and these cases, in our opinion, not being applicable to the question presented for our decision, we do not deem it necessary to enter into a further investigation of the authorities. It follows that the mortgage of appellant could not be enforced against the rights of the respondents so far as it purported to cover the rolling stock of the railroad.

We have not lost sight of the contention on the part of the appellant, that since it would have been entitled to possession before the presentation of the claims of these laborers had not the receiver been appointed, its rights should be adjudicated as though it had actual possession of the road, including the rolling stock. We, however, think that these facts do not aid its contention on this appeal for two reasons: *First*, The appointment of the receiver, for the purposes of this appeal, must be held to have been duly authorized and to have had the same effect in law as though the creditors whom he represented had under legal proceedings taken possession of the rolling stock; *second*, the claims to which preference was given were for services rendered before the appellant was entitled under the terms of his mortgage to take possession of the property, and the holders thereof became creditors of the mortgagor before the mortgage of the rolling stock was made effectual by possession thereunder.

The order appealed from must be affirmed.

Dunbar, C. J., and Scott, Anders and Stiles, JJ., concur.