[No. 10938.  Department Two.  February 21, 1913.]

RAYMOND COMPANY, *Appellant*, v. LITTLE FALLS FIRE CLAY COMPANY, *Respondent*.[1]

APPEAL—NOTICE OF APPEAL—PARTIES ENTITLED TO NOTICE—NECESSARY PARTIES.  Upon appeal from a judgment disallowing a claim against an insolvent, and directing a sale of assets, the principal creditor instituting the receivership proceedings, and a party to the action, is a necessary party to the appeal; as is, also, the purchaser at the receiver's sale; and where notice of appeal was not served on them, the appeal must be dismissed.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered June 26, 1912, directing a receiver's sale of the assets of an insolvent company, upon disallowing petitioner's claim against the insolvent. Appeal dismissed.

· *Rickabaugh & McElroy*, for appellant.

*Hayden & Langhorne* and *E. R. York*, for respondent Dimmock, Receiver of Little Falls Fire Clay Company.

MORRIS, J.—The respondent, in a suit instituted by the West Coast Grocery Company, was decreed insolvent, and a receiver was appointed. Appellant appeared in this proceeding and filed a petition, praying that the receiver be restrained from disposing of a patented brick kiln which it was claimed the insolvent company had constructed under a license, as embodied in a contract the terms of which had not

[1]Reported in 130 Pac. 93.

been complied with; or in the alternative, that the receiver be directed to pay appellant $2,000, the amount of the license it claimed due under the contract. The court denied the petition and directed the sale of the kiln with other assets of the insolvent company, from which order C. W. Raymond Company appeals.

Motion is made to dismiss the appeal, upon the ground that necessary and interested parties were not served with notice. This motion must be granted. The parties upon whom respondent contends notice should have been served are the West Coast Grocery Company, a large creditor of the insolvent company, and plaintiff in the proceedings in which the receiver was appointed, and the Standard Clay Company, the purchaser at the receiver's sale of the property and assets of the insolvent company. Under the decree of the court, the appellant shares in the insolvent estate as a general creditor. It contends, and if its appeal were here sustained, it would be held, that under its contract of license the receiver must pay it the sum of $2,000, thus depleting the fund upon which the West Coast Grocery Company looks for a payment of the amount due it from the insolvent company. The West Coast Grocery Company is, therefore, not only a party to the action, but has substantial interests involved in the decree, and affected by this appeal. It was therefore entitled to service of the notice of appeal, as a party to the action whose interests were to be determined by the appeal. Whether this would require service of notice of the appeal in a receivership proceeding upon creditors who are not parties to the action, but have only filed claims with the receiver, is not here determined, as that question is not involved in this ruling.

The Standard Clay Company, by becoming a purchaser at the receiver's sale, voluntarily submitted itself to the jurisdiction of the court, and thus became a party to the action. *Rice v. Ahlman,* 70 Wash. 12, 126 Pac. 66; *Robertson Mtg. Co. v. Thomas,* 63 Wash. 316, 115 Pac. 312. In the last case it was held that a purchaser at a sheriff's sale acquires sub-

stantial interests in the property involved in the appeal, and is entitled to service of notice. These two cases are controlling as to the Standard Clay Company's right to notice.

The appeal is dismissed.

CROW, C. J., MAIN, FULLERTON, and ELLIS, JJ., concur.