[No. 14630.  Department Two.  June 6, 1918.]

C. SALVINO, *Plaintiff,* v. TAYLOR MILL COMPANY, *Defendant.*

CEDAR LAKE LOGGING COMPANY, *Appellant,* v. LEE McKINSTRY, *as Receiver, etc., Respondent.*[1]

APPEAL—BONDS—OBLIGEE—"ADVERSE PARTY." Upon appeal in insolvency proceedings involving only a contest between two creditors as to the priority of their claims, the receiver is not the "adverse party" to whom the appeal bond must be given, especially where the contestants stipulated to relieve the estate from the costs of an appeal if either appealed.

SAME—BONDS—DEFECTS—AMENDMENTS. Where the bond on appeal is not given to the "adverse party," it is void and is not amendable, under Rem. Code, § 1734, allowing amendments in matters of form and to cure defects.

Motion to dismiss an appeal from an order of the superior court for King county, Ronald, J., entered September 18, 1917, allowing claims against an insolvent and fixing their priority.  Granted.

*J. E. Frost* and *Jones & Riddell,* for appellant.

*Shorett, McLaren & Shorett* and *Jno. A. Coleman,* for respondent Foster.

[1]Reported in 173 Pac. 433.

MACKINTOSH, J.—Claims against the insolvent mill company were presented to the receiver by the Cedar Lake Logging Company and George T. Foster, trustee. The claim of Foster was adjudged by the court the first and prior claim against the fund in the hands of the receiver, and the claim of the Cedar Lake Logging Company was adjudged superior to all the other claims against the fund except that of Foster. The fund in the hands of the receiver was a great deal less than the amount of the claim of the Cedar Lake Logging Company and only exceeded the claim of Foster by some $20. From the order allowing these claims and fixing their priority, the Cedar Lake Logging Company took this appeal and filed an appeal bond in which the receiver of the Taylor Mill Company was named as obligee. The matter is now here on the motion of Foster to dismiss the appeal for the reason that no proper appeal bond has been furnished, his contention being that the receiver is not an adverse party in the appeal, and a bond running to him does not comply with the statutory requirements of an appeal bond.

The matter involved in the appeal is purely a contention between the two creditors as to the priority of payment of their claims, each of which has been allowed by the receiver, who is not interested in the matter of their priority one to another, the entire fund in his hand being depleted no matter which claim is paid first.

It is true that receivers are empowered to bring and defend actions and that they represent the creditors interested in the estates being administered by them, and, in the ordinary cases, individual claimants would not be permitted to indulge in independent litigation of controverted questions which the receiver is already defending; but, in the case at bar, the receiver has no interest, and there are no creditors' interests for him

to protect, and, moreover, the order being appealed from contains and adopts a stipulation made between the Cedar Lake Logging Company and Foster which provides "in case of any appeal being taken to the supreme court from this order, the costs of such appeal shall be borne by the parties themselves, and shall not be paid out of the funds of said receivership." We take it that, by this stipulation, the parties have tacitly agreed that the receiver has no part in the appeal, even going to the extent of relieving the estate in his hands from the costs of such appeal. Under these circumstances it cannot be said that the receiver was the "adverse party" to whom the statute required a bond to be given, for he was not the party whose interest would be affected in any way by a reversal or modification of the order appealed from. He occupies merely the position of a stakeholder of a fund to be paid over to whichever of the two contending creditors is finally determined to be entitled to the priority of payment.

It is suggested that the appeal bond might be amended under the authority of Rem. Code, § 1734, which provides that the court shall allow amendments in matters of form to cure defects in proceedings on appeal to the end that substantial justice may be secured to the parties. We cannot accede to this suggestion for the reason that the objection to the bond is not one as to its informality or defect; the bond, having been given to one who is not an adverse party, was void, and the statute does not provide that a void bond may be cured by the giving of a valid one. *Carlson v. Vashon Navigation Co.*, ante p. 75, 172 Pac. 860.

The motion for the dismissal of the appeal is granted.

MAIN, C. J., CHADWICK, HOLCOMB, and MOUNT, JJ., concur.