[No. 15901.   Department Two.   September 15, 1920.]

## E. W. COLE, *Plaintiff*, v. WASHINGTON MOTION PICTURE CORPORATION, *Respondent*, LAURENCE TRIMBLE, *Appellant*.[1]

APPEAL (165)—NOTICE—PARTIES—SERVICE—UPON WHOM TO BE MADE. Upon the disallowance of a claim of preference over other creditors of an insolvent corporation, creditors who appeared at the hearing and are adversely affected, are necessary parties to an appeal from the order of disallowance, necessitating the dismissal of the appeal where notice of appeal was served only upon the receiver.

SAME (218)—PARTIES ENTITLED TO NOTICE—SERVICE ON RECEIVER—SUFFICIENCY. Under Rem. Code, § 740, defining a receiver, he is but an arm of the court, and he represents creditors of the insolvent estate only to the same degree that the court represents them, and service upon him of notice of appeal by one creditor is not service upon other creditors who appeared and were adversely affected by the appeal.

APPEAL (165, 218)—NECESSARY PARTIES—NOTICE. Where various creditors appeared and filed claims in the matter of the receivership of an insolvent corporation, an appeal cannot be taken from the order on the claims by serving notice on the receiver alone, since the purpose of the statute requiring all persons appearing to be served is to prevent separate appeals.

[1]Reported in 192 Pac. 972.

Appeal from an order of the superior court for Spokane county, Oswald, J., entered January 27, 1920, in receivership proceedings, after a hearing before the court. Appeal dismissed.

*Samuel R. Stern,* for appellant.

*Horace Kimball* and *Zent & Jesseph,* for respondent, to the point that service of notice of appeal must be made upon all of the adverse parties in order to confer jurisdiction upon the appellant, cited: *Seattle Trust Co. v. Pitner,* 17 Wash. 365, 49 Pac. 505; *Raymond Co. v. Little Falls Fire Clay Co.,* 72 Wash. 209, 130 Pac. 93; *Robertson Mortgage Co. v. Thomas,* 63 Wash. 316, 115 Pac. 312; *State v. McDonald,* 128 Pac. (Ore.) 835; *Mogelberg v. Calhoun,* 94 Wash. 662, 163 Pac. 29; *Glenn v. Aultman & Taylor Mach. Co.,* 30 Idaho 727, 167 Pac. 1163; *Pierce v. Commercial Inv. Co.,* 31 Wash. 655, 72 Pac. 473; *Long Bell Lumber Co. v. Gaston,* 78 Wash. 598, 139 Pac. 641; *McKay v. Stephens,* 81 Wash. 306, 142 Pac. 662.

FULLERTON, J.—The defendant, The Washington Motion Picture Corporation, was, at the suit of plaintiff, E. W. Cole, adjudged insolvent, and the respondent, F. K. McBroom, appointed receiver of its property, with power to wind up its affairs. The receiver qualified as such, proceeded to execute the trust, and in due time filed with the court appointing him a report showing his doings as such receiver. It appeared from the report that the sums received from the sales of the assets of the corporation were insufficient to satisfy in full the legitimate claims of its creditors. It further appeared therefrom that certain of the creditors claimed as general creditors, and that others claimed as preferred creditors, and certain of them in each

class claimed in sums in excess of the amounts the receiver found to be justly due.

On the filing of the report, the court fixed a day for a hearing thereon, and directed that the receiver give notice to the creditors of the corporation of the time and place appointed. At this hearing a number of the creditors appeared and not only supported their own claims, but contested the claims of others. At the conclusion of the hearing, the court entered a written order in which it recited the appearances at the hearing, found who were creditors of the corporation entitled to share in the fund derived from the sale of its property, the amounts due the several creditors, who were preferred and who were general creditors, and in which it directed the disposition the receiver should make of the funds and property in his hands.

Among the creditors appearing at the hearing whose claim was contested was Lawrence Trimble. He had filed a claim for $5,215.39, claiming to be a preferred creditor in that amount. The receiver found his claim excessive in the sum of $2,550, and as to the remainder, found that he was a preferred creditor only to the extent of $100 thereof. The allowance of the claim in any sum was contested by other creditors. The court, however, approved the recommendations of the receiver, and directed that the claimant share as a general creditor in the sum of $2,569.39, and as a preferred creditor in the sum of $100. The claimant sought to appeal to this court from the order in so far as it affected his interests, naming the receiver as respondent on the appeal and serving his notice of appeal upon the receiver only.

The receiver moves to dismiss the appeal on the ground that necessary and interested parties appearing in the proceeding were neither made parties to the appeal nor served with notice thereof.

The code (Rem. Code, § 1719), provides that an appeal may be taken by giving notice in open court at the time the judgment or order appealed from is rendered or made, or by serving written notice on the prevailing parties within the time elsewhere limited for taking appeals. It is further provided (Id., § 1720) that

"When the notice of appeal is not given at the time when the judgment or order appealed from is rendered or made, it shall be served in the manner required by law for the service of papers in civil actions and proceedings, upon all parties who have appeared in the action or proceeding. . . ."

Construing these statutes, this court has held that the object and purpose of the legislature was to require all interested parties to jointly prosecute their appeals and cross-appeals, so that the same cause might not appear in the appellate court by piecemeal. *Sipes v. Puget Sound Elec. R. Co.,* 50 Wash. 585, 97 Pac. 723. It held in the same case, and has held in later cases, that this object was accomplished when all parties who appeared in the action and whose rights in the judgment or order appealed from could be adversely affected by the action of the appellate court were served, even though a party may be omitted who would be included by a literal interpretation of the statute. But further than this the court has not gone. It has uniformly insisted that all parties to an action or proceeding who have appeared therein and whose rights in the judgment or order appealed from may or can be adversely affected by the judgment of the appellate court must be served with the notice of appeal, else the appeal will be ineffectual and a dismissal necessitated. The cases need not be here collected. Sufficient of them to illustrate the principle are found in the briefs of counsel, and others will be found in the

footnotes to the sections of the statute cited where found in the code from which they are taken.

· Tested by these principles, it seems clear that the service of the notice of appeal in this instance was insufficient. It is plain that the other creditors of the insolvent corporation, who appeared at the hearing in which the order was sought to be appealed from, were parties to the hearing. They are in the appellant's exact situation. They, like he, filed claims with the receiver and appeared at the hearing on the receiver's account in response to the same notice, and in the same manner that he appeared, and if they are not parties thereto, then he, likewise, is not a party thereto, in which case he could hardly appeal in any event. It is equally plain that their rights in the order entered can be adversely affected by the appeal. As shown in the statement, the appellant is not only claiming some two thousand five hundred and fifty dollars, which the trial court disallowed him, but is claiming that this sum, together with the sum which the court allowed as a general claim, is a preferred claim, entitling him to payment in full before any payments are made on the general claims. If the sum disallowed in the lower court is allowed on the appeal, then the general creditors, since the estate is insolvent, will receive a less sum than they otherwise would receive, and if the claims are adjudged to be preferred claims, it may be that other preferred creditors will receive a less sum than they otherwise would receive. It is manifest, therefore, that all of the other creditors of the insolvent corporation can be adversely affected by the appeal.

But the appellant argues that the receiver is the representative of the creditors, and that service upon him is equivalent to service upon the creditors. But

the premise stated is true only in a general sense. In this state a receiver is defined by the code (Rem. Code, § 740) as a "person appointed by a court or judicial officer to take charge of property during the pending of a civil action or proceeding . . . and to manage and dispose of it as the court or officer may direct;" and this is the extent of his functions when appointed under the inherent powers of the court. He is but an arm of the court, and his acts and doings as receiver are the acts and doings of the court. In other words, he performs functions which the court itself is obligated to perform, and, where he is receiver of an insolvent estate, represents the creditors of the insolvent corporation in the same sense and to the same degree that the court appointing him represents them. In an instance, therefore, where the statute requires the service of a notice of appeal upon the prevailing party, and service upon all parties who have appeared in the action or proceeding who can be adversely affected by the judgment of the appellate court on the appeal, service upon him is not service upon such parties.

There is nothing decisive in the case of *Radebaugh v. Tacoma & Puyallup R. Co.*, 8 Wash. 570, 36 Pac. 460, that is contrary to the rule we here announce. There all parties who appeared in the proceeding in which the judgment appealed from was entered were served with the notice of appeal, and the question at issue was whether service of the notice was required upon those who had appeared generally in the suit, but had not appeared in the particular proceeding. It was held that service upon them was not necessary, the reason given being that the receiver represented them. Perhaps a better reason would have been that the parties not served were neither the prevailing parties in the proceedings in which the judgment was entered, nor

parties who had appeared therein, and hence not within the provisions of the statutes relating to service of notices of appeal. But, however this may be, our conclusion in that case in no way supports the appellant's contention, since all parties were served who had appeared in the proceeding, which is not the present situation.

The case of *Mogelberg v. Calhoun,* 94 Wash. 662, 163 Pac. 29, and the cases therein referred to, are likewise inapposite. Therein the court but applied the rule heretofore announced, namely, that it was not necessary to serve an appearing party, when it appears by an inspection of the judgment from which the appeal is taken that the party can in nowise be adversely affected by any judgment the appellate court can render or make on the appeal.

There is another reason why the notice in the particular case is ineffectual. The purpose of the legislature in requiring all persons appearing in the cause to be served with notice being to prevent several separate appeals from the same judgment, that purpose is not accomplished by a service upon the receiver alone. Here there were twenty or more claimants who appeared in the proceeding, many of whom did not prevail to the full extent of their claims. If the appellant can appeal by merely serving notice of appeal on the receiver, so can each of the others whose claims were adversely affected by the order appeal in the same manner. If they can appeal thus separately, the appeals must be heard separately, and the purpose of the statute be thus thwarted.

The present case also falls within the rule of the case of *Raymond Co. v. Little Falls Fire Clay Co.,* 72 Wash. 209, 130 Pac. 93. There the appellant appeared in the receivership proceedings and sought an

order restraining the receiver from selling a patented brick kiln which the appellant claimed the insolvent company had erected under a license embodied in a contract the terms of which had not been complied with; or, in the alternative, that the receiver be directed to pay the appellant $2,000, the amount claimed to be due under the contract. The court entered an order denying the application, and an appeal was taken from the order. A motion was made in this court to dismiss the appeal for want of service of the notice of appeal upon necessary parties. Passing upon the motion, we said:

"The parties upon whom respondent contends notice should have been served are the West Coast Grocery Company, a large creditor of the insolvent company, and plaintiff in the proceedings in which the receiver was appointed, and the Standard Clay Company, the purchaser at the receiver's sale of the property and assets of the insolvent company. Under the decree of the court, the appellant shares in the insolvent estate as a general creditor. It contends, and if its appeal were here sustained, it would be held that under its contract of license the receiver must pay it the sum of $2,000, thus depleting the fund upon which the West Coast Grocery Company looks for a payment of the amount due it from the insolvent company. The West Coast Grocery Company is, therefore, not only a party to the action, but has substantial interests involved in the decree, and affected by this appeal. It was therefore entitled to service of the notice of appeal, as a party to the action whose interests were to be determined by the appeal. Whether this would require service of notice of the appeal in a receivership proceeding upon creditors who are not parties to the action, but have only filed claims with the receiver, is not here determined, as that question is not involved in this ruling."

The case before us presents a similar situation. The plaintiff in the proceeding in which the receiver was

appointed was not served with the notice of appeal, although it appears that she is a general creditor and has substantial interests in the order appealed from which could be affected by the appeal. See, also, for a similar holding, *Crawford v. Seattle, Renton & S. R. Co.*, 92 Wash. 670, 159 Pac. 782.

Our conclusion is that the appeal must be dismissed, and it is so ordered.

Mount and Tolman, JJ., concur.