# CASES

# SUPREME COURT

OF

# WASHINGTON

[No. 18655.  Department One.  September 24, 1924.]

H. L. CAMPBELL et al., *Plaintiffs*, v. J. J. NICHOLS, *Defendant*.

W. C. MARSHALL, *Appellant*, v. J. E. FRASER, *as Receiver etc., Respondent.*[1]

APPEAL (180)—REQUISITES—TIME FOR TAKING—FINAL ORDERS. An order in a receivership adjudging the rank and priorities of claims, finally and absolutely, is a final order and appealable within sixty days thereafter.

SAME (218)—NOTICE—NECESSARY PARTIES—SERVICE ON RECEIVER —SUFFICIENCY. Plaintiffs, in an action for a receiver, who are general creditors adversely affected by an order fixing the rank and priority of claims, are necessary parties to an appeal from such order, without notice to whom the appeal will be dismissed.

Appeal from an order of the superior court for Lincoln county, Sessions, J., entered September 24, 1923, adjudging the priority of claims in receivership proceedings, after a hearing to the court. Appeal dismissed.

*F. H. McDermont,* for appellant.

*Freece & Pettijohn,* for respondent.

PER CURIAM.—In December, 1920, plaintiffs brought suit to collect from the defendant Nichols upon a

[1]Reported in 228 Pac. 833.

promissory note, and asked that a receiver be appointed for the property of defendant. Defendant appeared, admitted the allegations of the complaint, confessed that he was insolvent, and a receiver necessary. Respondent was thereupon appointed receiver on December 28, 1920, and on December 31, duly qualified as such receiver. He thereupon took possession of the farms and personal property of defendant Nichols, including about 800 bushels of wheat and five tons of feed, all of which personal property was afterwards disposed of by him in the administration of the estate. Upon his appointment, respondent gave notice thereof, and notified all creditors of the insolvent to present their claims within a specified time. On February 3, 1921, appellant filed his claim for services as a farm laborer for himself and his wife, amounting to a balance of $952.35, for services ending December 31, 1920. At the same time, he presented the claim of one Gipson for $50, being the balance due for labor upon the farm of the insolvent, assigned to appellant.

At about the time of filing the claims for services with the receiver, appellant claims, and supports his claim by the affidavits of himself and the defendant Nichols, that he was advised by the receiver that his claim, being for labor on the farm, was a preferred claim, and no doubt would be allowed as such by the receiver when the right time came; that, acting on this advice and the belief that his claim would be made a preferred claim and paid as such, appellant suffered the time to elapse within which a farm laborer's lien was required to be filed for record under the then existing statute. These affidavits are contradicted by the affidavit of Fraser, the receiver. A motion of appellant to have these claims adjudged to be preferred claims and paid prior to other claims against the

insolvent was not presented and filed until September 21, 1922.

On September 26, 1922, the cause was brought on for hearing before the trial court, and on September 22, 1923, the trial court made an order that the motion of appellant be granted, subject to the following reservations: "That the claim of appellant be declared to be subject, secondary and inferior to the general taxes upon the property of defendant; the mortgages, including interest thereon, owed by the estate; the receiver's expenses, including compensation for himself and his attorneys, and the cost of operation of the farm of defendant, as well as receiver's certificates heretofore issued by the receiver, together with interest thereon. That subject to such liens, charges and expenses, the claim of appellant be and the same is hereby recognized as a preferred claim."

From this order appellant appeals, giving notice thereof to the clerk of the superior court, and to Freece & Pettijohn, attorneys for the receiver, J. E. Fraser. Service of the notice of appeal was admitted by Freece & Pettijohn, attorneys for the receiver, J. E. Fraser, on December 14, 1923. No notice of appeal was given to the plaintiffs in the original action, Campbell & McKinnon. Freece & Pettijohn appeared for the plaintiffs in the original action, and also for the receiver.

Respondents moved to dismiss the appeal and affirm the order on two grounds; first, that the notice of appeal was not served within the time limited by law; and second, that necessary and interested parties to the action were not served with the notice of appeal.

The first ground is not good. The contention of respondent is that the order appealed from by appellant was not a final order, and that therefore an appeal

taken fifty-three days after its entry is ineffectual, cannot be sustained. The order is a final order adjudging the rank and priorities of the claims, finally and absolutely. Therefore, under our statute as to appeals, it is a final order.

But, although extremely loath so to do, we feel compelled to grant the motion on the second ground. Plaintiffs in the original action are general creditors, and were therefore interested in, and would be adversely affected by, a reversal of the final order appealed from. That being so, they are necessary parties to the appeal. The cause is therefore governed by our decisions in *Raymond Co. v. Little Falls Fire Clay Co.*, 72 Wash. 209, 130 Pac. 93, and *Cole v. Washington Motion Picture Corp.*, 112 Wash. 548, 192 Pac. 972.

The appeal must, therefore, be dismissed.

It is so ordered.