[No. 24220. Department Two. April 21, 1933.]

C. L. Stone, *Plaintiff*, v. Brakes, Incorporated, *Defendant*.

R. A. Swain *et al., Appellants*, v. Samuel F. Racine, *as Receiver, et al., Respondents.*[1]

*W. C. Hinman,* for appellants.

*Riddell, Brackett & Fowler,* for respondent Racine.

*Todd, Holman & Sprague* and *Lowell P. Mickelwait,* for respondents Pacific National Bank of Seattle *et al.*

Steinert, J.—Upon a hearing on the return to an order to show cause in the original action, the defendant Brakes, Incorporated, was, on April 15, 1932, adjudged insolvent, and a receiver therefor appointed. At the hearing, defendant admitted its insolvency.

Thereafter, a number of claims were filed with the receiver, and subsequently an extended hearing was

[1]Reported in 21 P. (2d) 524.

had thereon, as a result of which, claims aggregating $12,572.96 were allowed by the court as general claims and the two claims presented by appellants, aggregating $10,867.39, were rejected. Among the claims allowed were those of Pacific National Bank, Bendix Brake Company and Bendix Stromberg Carburetor Company, who appear as respondents herein. The Pacific National Bank filed written objections to appellants' claims, and actively contested them upon the hearing. According to the brief of respondents' counsel, the Bendix Brake Company and Bendix Stromberg Carburetor Company also contested appellants' claims, on oral objections, but we confine ourselves to what the short record before us strictly discloses. Though not of great importance, it is nevertheless a fact that the appellants were the principal stockholders of the insolvent corporation, owning two hundred and forty-eight out of two hundred and fifty shares of its capital stock, the other two shares being held by a qualifying director who was the secretary of that company.

From the order rejecting appellants' claims, separate appeals were taken. In each instance, notice of appeal was served upon the defendant company and upon the receiver, the three respondent claimants, and two other parties who are not here concerned. Each of the appellants likewise filed a cost bond in the sum of two hundred dollars, naming only the receiver as obligee. The appeals have been consolidated in this court. While the case is here upon the merits, we are confronted with a preliminary matter which we deem controlling and conclusive.

The respondent claimants, appearing by one set of attorneys, have interposed their motion to dismiss the appeals, upon the ground that no appeal bond has been given or filed by either appellant, as required by law.

By Rem. Rev. Stat., § 1719, an appeal is rendered ineffectual if an appeal bond, as required by Rem. Rev. Stat., § 1721, be not given. Rem. Rev. Stat., § 1721, so far as it is material here, reads as follows:

"An appeal in a civil action or proceeding shall become ineffectual for any purpose unless at or before the time when the notice of appeal is given or served, or within five days thereafter, an appeal bond to the *adverse* party conditioned for the payment of costs and damages as prescribed in section 1722, be filed with the clerk of the superior court, or money in the sum of two hundred dollars be deposited with the clerk in lieu thereof." (Italics ours.)

The question presented by the motion to dismiss the appeals is whether the respondent Pacific National Bank is an adverse party within the terms of the statute. We narrow the question to the bank because of the state of the record.

Construing the above statutes, we have held that the appeal bond must run to all parties whose interests will be affected by a reversal or modification of the judgment or order appealed from. *Bruhn v. Steffins,* 66 Wash. 144, 119 Pac. 29; *Mogelberg v. Calhoun,* 94 Wash. 662, 163 Pac. 29.

We have also laid down the rule that all of the creditors in a receivership proceeding who appear and take part in contesting another creditor's claim are necessary parties to the appeal from the order disallowing the claim. *Raymond Co. v. Little Falls Fire Clay Co.,* 72 Wash. 209, 130 Pac. 93; *Salvino v. Taylor Mill Co.,* 102 Wash. 507, 173 Pac. 433; *Cole v. Washington Motion Picture Corp.,* 112 Wash. 548, 192 Pac. 972; *Campbell v. Nichols,* 131 Wash. 1, 228 Pac. 833.

In the *Raymond* case, there was expressly reserved the question whether creditors who were not parties to the action, but who had only filed claims with the receiver, were entitled to service of notice of appeal. In

the *Campbell* case, the creditors who were adversely affected were the plaintiffs in the action. So that it may be said, with some degree of force at least, that these two cases do not fully meet the situation presented here. But in the *Salvino* and *Cole* cases, the contests were waged between creditors who were not parties to the original action, but who were simply contesting claimants. Discussing this phase of the question in the light of our former decisions, the opinion in the *Cole* case used the following language on p. 551:

"It [the court] has uniformly insisted that all parties to an action or proceeding who have appeared therein and whose rights in the judgment or order appealed from may or can be adversely affected by the judgment of the appellate court must be served with the notice of appeal, else the appeal will be ineffectual and a dismissal necessitated."

And, on p. 552:

"It is plain that the other creditors of the insolvent corporation, who appeared at the hearing in which the order was sought to be appealed from, were parties to the hearing. They are in the appellant's exact situation. They, like he, filed claims with the receiver and appeared at the hearing on the receiver's account in response to the same notice, and in the same manner that he appeared, and if they are not parties thereto, then he, likewise, is not a party thereto, in which case he could hardly appeal in any event."

The appellants seek to escape the force and effect of certain of the cases above referred to, on the ground that those cases involved contests between general creditors on the one hand and preferred creditors on the other, while here only general creditors are affected. The difference is only one of degree, and not one of distinguishing principle. General creditors of an insolvent company are vitally concerned in the amount of claims allowed, whether they be preferred or general

claims. To increase the number and amount of allowances means a decrease in their proportion of the distribution.

The defendant here is admittedly insolvent. The allowance of appellants' claims would increase the total of the general claims allowed from $12,572.96 to $23,440.35. The result would, of course, be to decrease the amounts which the respondents would receive in the distribution. Their interests would thus be directly and adversely affected by a reversal of the order which disallowed appellants' claims. If this were not the natural result of such reversal, this appeal would not be here. The appellants own practically all of the stock of Brakes, Incorporated, and if there were any salvage in the company's assets after the winding up of the receivership, they would get it in one way or another. The fact that they are seeking to come in as creditors indicates that there is not enough to pay all the general claims.

Even under the short record that is presented to us, respondent Pacific National Bank must be held to be an adverse party within the definition of the statute, and was therefore entitled to have the bond include it as an obligee.

The appellants make some contention that, at most, the bond was merely defective, and that a correction should be allowed under the latitude permitted by Rem. Rev. Stat., § 1730-9. We do not think that counsel's premise is sound. It is not a mere defect in an otherwise valid bond, but, so far as the respondent bank is concerned, it is no bond at all. The bank is not protected under its terms and could not maintain an action upon it, nor could the court enter judgment upon the bond in the bank's favor. Should the receiver recover upon the bond, it would be only to the extent of his own

costs and not to the extent of the costs allowed the bank. *Olmstead v. McCleary,* 128 Wash. 406, 223 Pac. 15.

[2] We conclude that the appeal must be dismissed. Respondent will be entitled to its costs under the authority of *Jones & Co. v. Cunningham,* 79 Wash. 4, 139 Pac. 612.

While our disposition of the case makes it unnecessary to pass upon the merits, and, likewise, impossible to direct a judgment or order thereon, nevertheless, we deem it not amiss to say that we have examined the record and find nothing therein that would justify a reversal of the final order entered by the court.

The appeal is dismissed.

BEALS, C. J., TOLMAN, BLAKE, and MAIN, JJ., concur.