[No. 25465.  Department Two.  April 2, 1935.]

UNITED TRUCK LINES, INC., *Appellant*, v. THE
DEPARTMENT OF PUBLIC WORKS *et al.*,
*Respondents.*[1]

*Vanderveer & Bassett,* for appellant.

*The Attorney General* and *Don Cary Smith, Assistant,* for respondents.

STEINERT, J.—This is an appeal from a judgment of the superior court affirming an order of the department of public works wherein an application for a permit to operate as a contract hauler was denied.

[1]Reported in 42 P. (2d) 1104.

August 20, 1934, appellant filed with the department an application for a permit to operate as a contract hauler between Spokane and Seattle via Wenatchee, Vantage Ferry, or Pasco. The permit was filed under, and pursuant to the provisions of, chapter 166, Laws of 1933, p. 613.

Respondent Caters Motor Freight System, a corporation, a certificate owner, filed a written protest against the application, on the ground that, if granted, the permit would result in unnecessary duplication of existing transportation facilities and would injure the business of the protestant, jeopardize its investment, and tend to impair the service already being rendered to the public. The matter came on for hearing before the department's examiners on September 11, 1934, at which time Consolidated Freight Lines, Inc., joined in the written protest of Caters Motor Freight System, and the other respondent companies noted their protest to the application. After the taking of considerable evidence, the department, on September 28, 1934, entered its findings, concluding with an order denying the application.

Shortly thereafter, that is, on October 4, 1934, the appellant herein, the applicant for the permit, began an action by summons and complaint in the superior court for Thurston county, seeking a review of the proceedings previously had before the department and requesting a restraining order against the department, its officers and employees, to prevent them from interfering with the operation of appellant's trucks in the meantime. The department and its officers and the various protestants were made parties to the action, in the complaint filed by appellant.

The court refused to grant the restraining order, but directed the issuance of a writ of review requiring the department to certify and file with the clerk of the

court a transcript of the entire record and proceedings relating to the application for permit. The department complied with the writ and filed in the superior court a transcript of its records and proceedings in the matter. A hearing at which the appellant, the department, Caters Motor Freight System, and Consolidated Freight Lines, Inc., were present and represented, was had on October 19, 1934, and the cause taken under advisement. The court subsequently filed a memorandum opinion, and on October 30, 1934, entered its judgment affirming the findings and order of the department and dismissing the petition for writ of review. From that judgment, this appeal was taken, on November 9, 1934, and a bond for costs was filed about the same time.

In the meantime, that is, after the action had been commenced in the superior court and after appellant's application for a temporary restraining order had been denied, but before the hearing on the merits had October 19th, appellant herein began an action against the department of public works and its officers in the United States district court for the western district of Washington, seeking an injunction, interlocutory and permanent, to prevent the department from interfering with the operation of its motor freight trucks. The complaint therein constituted an attack upon the findings and order of the department made on September 28, 1934, referred to above, upon the ground that the motor vehicle statute, as interpreted by the department of public works, was unconstitutional and void, because it subjected appellant, a private carrier, to the burdens of a common carrier. In other words, an attack upon the department's order was being waged in the superior court and in the district court at the same time.

The department and its officers appeared in the

action in the district court and moved to dismiss the same. On January 21, 1935, which was after the superior court had entered its judgment, the district court, composed of three judges, handed down its memorandum decision denying the motion to dismiss and directing the issuance of an interlocutory injunction. So on January 21, 1935, we have a situation where the superior court had sustained the action of the department and the district court had, in effect, reversed it.

After the appeal had been taken in this action on November 9, 1934, and while the action in the Federal court was still pending, appellant filed in this court a statement of facts from the superior court. It did nothing further, however, until after the *Attorney General,* representing the department, had taken the steps hereinafter mentioned.

On January 17, 1935, the department, through the *Attorney General,* prepared a motion to dismiss the present appeal. The motion, with an accompanying affidavit, dated January 17, 1935, was served upon appellant's attorneys and filed January 22, 1935, one day after the memorandum decision of the district court had come down. The ground of the motion was that the appeal had not been perfected as provided by law. The motion was noted for hearing and was heard on the motion day of February 8, 1935. On February 5, 1935, appellant served its brief, and on February 7, 1935, filed the same in this court. The brief, therefore, was on file on the day that the motion was argued.

The matter is now before us, not on the merits, but upon the above motion of the department to dismiss the appeal.

Rem. Rev. Stat., § 10430 [P. C. § 5615], relating to appeals to the supreme court from judgments in the superior court concerning any order of the public ser-

vice commission, provides that the appellant shall have *fifty* days after the entry of such judgment in which to serve and file his opening brief. That section further provides that, after the filing of such brief, or the expiration of the time for filing briefs, the cause shall be assigned for hearing at the earliest *motion* day of the court, or at such other time as the court shall fix. That section also provides that the general laws relating to appeals to the supreme court shall, so far as applicable and not in conflict with the provisions of the act, designated the "Public Service Commission Law," apply to appeals taken under the provisions of that act.

The affidavit in support of the department's motion recites that appellant had not filed an opening brief, transcript of the testimony, statement of facts, or abstract, or any other document in this court. The department concedes, however, in a supplemental affidavit, that a transcript of the testimony was filed shortly after December 8, 1934. A reference to the record, moreover, discloses that a statement of facts was filed December 10, 1934. In fact, the only thing that it is now claimed was not timely filed is appellant's opening brief.

The failure to file briefs within the time fixed by law is not jurisdictional, and the court may, if good cause be shown, extend the time or permit the brief to be filed after the expiration of the statutory period. *State v. Terrien,* 111 Wash. 345, 190 Pac. 1017; *Nott-Atwater Co. v. Berry,* 145 Wash. 640, 261 Pac. 390; *DuPont Cellophane Co., Inc., v. Kinney,* 179 Wash. 270, 36 P. (2d) 1061.

In view of the particular circumstances attendant upon the entire litigation with reference to the order of the department, and in view of the fact that the statute with reference to the time of filing briefs is

an exception to the general rule in such matters, and the fact that there is no showing, and that it does not appear, that respondent has been injured or will be legally prejudiced by reason of the delay in filing the brief, and the further fact that the department may, under the very statute above referred to, obtain an early hearing upon the merits, we think that, under a proper exercise of our discretion, the appeal should not be dismissed merely because the brief was not timely filed.

■ There is, however, a ground upon which the appeal must be dismissed. Although it does not appear to have been particularly stressed upon the argument, it is a matter of which we are required to take judicial notice under the record and to act accordingly. No notice of appeal was given to respondents Caters Motor Freight System and Consolidated Freight Lines, Inc., nor does the bond run to, or protect, either of them.

When the action was originally begun in the superior court, those parties were made defendants, each of them appeared, and both are named as respondents herein. The record shows that, in the hearing before the department and before the superior court, the defense was conducted principally through their attorneys. The record is also replete with evidence to the effect that the granting of a permit to the appellant would very materially affect their interests. They were adverse parties in the full sense of the word. The judgment, after reciting the appearance of the department, Caters Motor Freight System, and Consolidated Freight Lines, Inc., dismissed the action with costs to the parties just named.

■■ Rem. Rev. Stat., § 1719 [P. C. § 7293], provides that, in order to effect an appeal, notice thereof shall be given to the prevailing party, or his attorney,

in the time prescribed. Rem. Rev. Stat., § 1721 [P. C. § 7295], provides that an appeal shall become ineffectual for any purpose unless, within the time therein prescribed, an appeal bond to the *adverse* party be filed.

We have repeatedly held that a party to a judgment whose interest is adverse to other parties to the judgment must be served with notice of appeal. *Robertson Mtge. Co. v. Thomas,* 63 Wash. 316, 115 Pac. 312; *Crawford v. Seattle, R. & S. Ry. Co.,* 92 Wash. 670, 159 Pac. 782; *In re Myhren's Estate,* 95 Wash. 101, 163 Pac. 388; *Cole v. Washington Motion Picture Corp.,* 112 Wash. 548, 192 Pac. 972; *Campbell v. Nichols,* 131 Wash. 1, 228 Pac. 833; *Puget Sound Savings & Loan Ass'n v. Erickson,* 138 Wash. 578, 244 Pac. 972.

We have also repeatedly held that the appeal bond must run to all parties whose interests will be affected by a reversal or modification of the judgment or order appealed from. *Bruhn v. Steffins,* 66 Wash. 144, 119 Pac. 29; *Mogelberg v. Calhoun,* 94 Wash. 662, 163 Pac. 29; *Stone v. Brakes, Inc.,* 172 Wash. 644, 21 P. (2d) 524.

No notice of appeal having been given to certain of the parties whose interests were adverse, and no bond having been filed which will protect them, the appeal is ineffectual for any purpose.

The appeal must therefore be, and is, dismissed.

MILLARD, C. J., MITCHELL, HOLCOMB, and BLAKE, JJ., concur.