[No. 28136. Department Two. September 23, 1940.]

THE STATE OF WASHINGTON, *Appellant,* v. FRANK P. WILLIAMS *et al., Respondents.*[1]

[1]Reported in 105 P. (2d) 723.

*The Attorney General, P. H. Winston* and *L. C. Brodbeck, Assistants,* for appellant.

*Jones & Bronson* and *Story Birdseye,* for respondents Williams *et al.*

*Bogle, Bogle & Gates,* for respondent Occidental Life Insurance Company.

BEALS, J.—This proceeding was instituted by the state of Washington for the purpose of condemning an easement through what is known as "Mount Baker Ridge," in the city of Seattle, in aid of the construction of the tunnel which forms a part of the floating bridge which has been constructed across Lake Washington by the Washington Toll Bridge Authority. Satisfactory settlements were made with most of the respondent landowners; and when the proceeding was called for trial, only three property owners appeared to submit the questions at issue for trial. Frank P. Williams and wife, as owners of the south forty-five feet of the west eighty feet of lot 6, of block 42, of Burke's Second Addition to the city of Seattle, appeared by Jones & Bronson, their attorneys, and presented for adjudication their claim for damages on account of the improvement. Occidental Life Insurance Company, a corporation (hereinafter referred to as the insurance company), as mortgagee of the above described property, also appeared by its attorneys, Bogle, Bogle & Gates. Mr. and Mrs. Williams and the insurance company were named as respondents in the action, and all of these respondents participated in the preliminary proceedings and the hearing.

The trial was before the court, a jury having been waived. The court found that the compensation which the state should pay because of damage to the property above described amounted to four thousand dollars, and a judgment and decree of appropriation was regularly entered, providing that, upon payment of that amount to the respondents, or into the registry of the superior court, the state of Washington should become the owner of the necessary easement under and through the real property. The judgment also provided for payment of costs taxed at forty-six dollars. The amount of costs included $30.50, claimed by Mr. and Mrs. Williams, and $15.50, claimed by the insurance company.

The state of Washington, within thirty days after the entry of the judgment, gave notice of appeal, directing the same to Mr. and Mrs. Williams and their attorneys, the insurance company not being named or referred to in the notice, which was served upon counsel for Mr. and Mrs. Williams and regularly filed. The notice was not served upon the insurance company nor upon its counsel.

The notice of condemnation which the state issued herein was directed both to respondents Williams and the insurance company, and was served upon the latter party, as appears from the return of the sheriff of Thurston county. The order adjudicating public use, entered on motion of the attorney general, recites the appearance of the insurance company at the hearing by its counsel of record. It also appears that the insurance company joined with other respondents in moving for a continuance of the trial; and that, in noting the case for trial, the notice prepared by the state was directed to the insurance company and the other respondents.

During the course of the trial, respondents Williams

and the insurance company entered into the following stipulation, regularly entitled and filed in the proceeding:

"It is stipulated and agreed by and between the respondents, Frank P. Williams and Eleanor B. Williams, his wife, and Occidental Life Insurance Company, a corporation, by their attorneys undersigned that should the respondents Williams be entitled to damages in the above entitled case, judgment may be entered in favor of respondent Occidental Life Insurance Company, a corporation, for a portion of said damages, the amount thereof to be determined by agreement between the undersigned attorneys.

"JONES & BRONSON,
Attorneys for Respondents,
Frank P. Williams and Eleanor
B. Williams, his wife
"BOGLE, BOGLE & GATES,
Attorneys for Respondents,
Occidental Life Insurance
Company."

Respondents Williams and respondent insurance company, appearing by their respective counsel, have separately moved this court that the appeal on behalf of the state of Washington be dismissed, for the reason that no notice of appeal was ever served upon respondent insurance company.

Both the findings of fact and the judgment are entitled, "The State of Washington, Petitioner, v. Frank P. Williams and Eleanor Briggs Williams, *et al.*, Respondents." The judgment recites the appearance of respondents Williams by their counsel, awards the compensation above referred to "to all owners, tenants, encumbrancers and all other persons interested therein," and in connection with the payment of the amount awarded, refers "to said respondents hereinbefore named." In the title to its petition for condemnation, the state of Washington, as petitioner, named Mr. and

Mrs. Williams and the insurance company, and in paragraph 6 thereof again named Mr. and Mrs. Williams and the insurance company as interested in the lands which were the subject matter of the condemnation proceeding.

The statement of facts discloses that, when the proceeding was called for trial, respondents Williams appeared by their counsel, and respondent insurance company by its counsel. It also appears that, when the issues to be determined were explained to the court, it was advised that Mr. and Mrs. Williams were the owners of the tract of real estate above referred to, and that the same was subject to the lien of a mortgage held by respondent insurance company. Respondents Williams filed their cost bill, and respondent insurance company filed its cost bill.

The appearance of respondent insurance company in the condemnation proceeding and its active participation therein cannot be questioned.

Rem. Rev. Stat., § 1720 [P. C. § 7294], referring to appeals to this court, reads in part as follows:

"When the notice of appeal is not given at the time when the judgment or order appealed from is rendered or made, it shall be served in the manner required by law for the service of papers in civil actions and proceedings, upon all parties who have appeared in the action or proceeding."

In the case of *Deno v. Standard Furniture Co.*, 190 Wash. 1, 66 P. (2d) 1158, this court, after reviewing several of our prior decisions, quoted with approval from *Cole v. Washington Motion Picture Corp.*, 112 Wash. 548, 192 Pac. 972, as follows:

" 'This court has held that the object and purpose of the legislature was to require all interested parties to jointly prosecute their appeals and cross-appeals, so that the same cause might not appear in the appellate court by piecemeal. *Sipes v. Puget Sound Elec.*

*R. Co.,* 50 Wash. 585, 97 Pac. 723. It held in the same case, and has held in later cases, that this object was accomplished when all parties who appeared in the action and whose rights in the judgment or order appealed from could be adversely affected by the action of the appellate court were served, even though a party may be omitted who would be included by a literal interpretation of the statute. But further than this the court has not gone. It has uniformly insisted that all parties to an action or proceeding who have appeared therein and whose rights in the judgment or order appealed from may or can be adversely affected by the judgment of the appellate court must be served with the notice of appeal, else the appeal will be ineffectual and a dismissal necessitated. The cases need not be here collected. Sufficient of them to illustrate the principle are found in the briefs of counsel, and others will be found in the footnotes to the sections of the statute cited where found in the code from which they are taken.' "

In the case of *United Truck Lines v. Department of Public Works,* 181 Wash. 318, 42 P. (2d) 1104, the matter of the failure of the appellant to serve notice of appeal upon certain parties who had appeared in the action was considered and the appeal dismissed, it appearing that the parties who had not been served were interested in maintaining the judgment appealed from. In the course of the opinion, the court said:

"We have repeatedly held that a party to a judgment whose interest is adverse to other parties to the judgment must be served with notice of appeal,"

several of our cases being cited in support of the proposition.

In opposing the motion to dismiss the appeal, appellant argues that respondent insurance company made only a formal appearance in the action, was not named in the judgment, and that appellant was not

required to serve its notice of appeal upon that respondent.

The owner of a mortgage lien upon property sought to be condemned in whole or in part, or damaged, is directly concerned with the issue raised by the petition in condemnation. A mortgagee may be more vitally concerned in the matter than the owner of the property. While respondent insurance company is not directly named in the judgment, it is manifestly included therein as one of the respondents in the condemnation proceeding, directly interested in the judgment which appellant seeks to have reviewed. Certainly, respondent insurance company was adversely concerned in the proceeding and, in any review of the judgment on appeal by the state, might be adversely affected by reversal or modification of that judgment.

Appellant cites several of our decisions in which it was held that a notice of appeal need be served only upon those parties to the record whose interest might be adversely affected by the decision of this court on the appeal. These cases are not here in point.

Respondent insurance company was referred to in the title of the judgment by the words *"et al.,"* it being the only respondent in the condemnation proceeding interested in the particular judgment entered, outside of respondents Williams, who are both named in the caption thereto. Respondent insurance company was again included in the express terms of the judgment as one of the "respondents hereinbefore named."

We find in the record no basis for holding that we should now rule that counsel who appeared for respondents Williams also appeared for respondent insurance company. The record does not support such a holding.

Upon the record before us, it must be held that the failure of appellant to serve its notice of appeal upon

respondent insurance company renders the attempted appeal ineffective for any purpose.

The appeal is accordingly dismissed.

BLAKE, C. J., JEFFERS, and DRIVER, JJ., concur.

MILLARD, J. (concurring)—I concur, on the ground that appellant failed, as required by the statute (Rem. Rev. Stat., § 1720), to serve notice of appeal "upon all parties who . . . appeared in the action."

