[No. 1453.  Decided February 15, 1895.]

## O. B. DEWEY et al., Respondents, v. THE SOUTH SIDE LAND COMPANY et al., Defendants, THE WESTMINSTER PRESBYTERIAN CHURCH, Appellant.

APPEAL — NOTICE — RECORD.

Under Laws 1893, p. 122, § 5, failure to serve notice of appeal upon all parties appearing in the action is ground for dismissal of the appeal, although all the parties not served were represented by the same attorneys as the appellant.

A supplementary record, not certified as required by law, and filed long after the original record on appeal has been sent up, will not be considered as a part of the record.

*Appeal from Superior Court, Pierce County.*

*G. C. Britton,* and *C. P. Bennett,* for appellant.

*Law & Crandall,* for respondents.

The opinion of the court was delivered by

ANDERS, J.—This action was instituted by the respondent and one Fenton to establish and foreclose alleged mechanics' liens on a church building. There were seven different parties defendant, all of whom, except the South Side Land Company, appeared and defended in the court below. Fenton's case was not prosecuted, as his claim had been settled or assigned prior to the time of the trial.

From a judgment in favor of the respondents, the Westminster Presbyterian Church alone appealed. None of the other defendants joined in the appeal, nor does it appear that the notice of appeal was ever served on any of them. For this reason the respondent moves to dismiss this appeal.

The notice of appeal was not given at the time the judgment was rendered, and, in such cases, the law

under which the appeal was taken provides that the notice of appeal shall be served upon all parties who have appeared in the action or proceeding. Laws 1893, p. 122, § 5. This provision of the present statute in respect to the serving of notices of appeal is substantially the same as that contained in former statutes, under which this court has many times held that a failure to give the required notice entitles the respondent to a dismissal of the appeal upon motion. *Bellingham Bay National Bank v. Central Hotel Co.*, 4 Wash. 642 (30 Pac. 671), and cases cited; *Traders' Bank v. Bokien*, 5 Wash. 777 (32 Pac. 744).

The appellant, however, contends that inasmuch as the same attorneys appeared for all of the defendants, it was not necessary to serve the notice upon them, as they already possessed all the information which the service of notice would have imparted. But we held in *Traders' Bank v. Bokien, supra*, that the fact that the attorney for appellant was also the attorney for one of the other defendants was no excuse for not serving such a defendant with notice of the appeal. And we perceive no reason for overruling the decision there made.

It is also claimed by appellant that service of the notice of appeal in this case was waived by all of the defendants not served. And in order to show such waiver, appellant caused to be filed in this court, long after the record had been sent up, what counsel call a supplementary record. But as this paper is not certified as required by law, or at all, we cannot consider it as a part of the record on this appeal.

The motion to dismiss must be granted.

Hoyt, C. J., and Dunbar and Scott, JJ., concur.