[No. 10163.   Department Two.   February 3, 1912.]

CANAL LUMBER COMPANY, *Respondent*, v. KONG YICK
INVESTMENT COMPANY, *Appellant*, WASHINGTON
INTERIOR FINISH COMPANY, *Respondent*.[1]

APPEAL—BONDS—OBLIGORS.   An appeal will be dismissed where
the bond on appeal was given by one as principal who was not a
party to the action, and conditioned that he would pay any judg-
ment that might be rendered against him, and against whom no
judgment could be rendered (FULLERTON, J., dissenting).

Appeal from a judgment of the superior court for King
county, Tallman, J., entered May 20, 1911, upon findings
in favor of the plaintiff.   Appeal dismissed.

*Tucker & Hyland*, for appellant, in opposition to the mo-
tion to dismiss the appeal, cited: *Bloomingdale v. Weil*, 29
Wash. 611, 70 Pac. 94; *Dossett v. St. Paul & Tacoma Lum-
ber Co.*, 31 Wash. 489, 72 Pac. 116; *Cook v. Tibbals*, 12
Wash. 209, 40 Pac. 935; *Dahl v. Tibbals*, 6 Wash. 259, 31
Pac. 868; *Hill Estate Co. v. Whittelsey*, 21 Wash. 142, 57
Pac. 345; *Spokane & Idaho Lumber Co. v. Loy*, 21 Wash.
501, 58 Pac. 672, 60 Pac. 1119; *Fidelity & Deposit Co. v. Se-
attle, Renton & Southern R. Co.*, 50 Wash. 391, 97 Pac. 453;
*Sipes v. Puget Sound Elec. R. Co.*, 50 Wash. 585, 97 Pac.
723; *Wilson v. Puget Sound Elec. R. Co.*, 50 Wash. 596, 97
Pac. 727; *Westland Pub. Co. v. Royal*, 36 Wash. 399, 78
Pac. 1096; *Drouilhat v. Rottner*, 13 Ore. 493, 11 Pac. 221;
*Johnson v. Johnson*, 31 Ohio St. 131.

*Walter L. Johnstone*, for respondent.

PER CURIAM.—Respondent moves the dismissal of the ap-
peal herein because no bond has been filed.   A bond was
filed by one Hans Pederson, as principal, with two sureties.
It is conditioned that Hans Pederson will pay any judgment

[1]Reported in 120 Pac. 882.

that may be rendered against *him* upon the appeal or the dismissal thereof. Pederson was not a party to the action, and no judgment could be rendered against him. No judgment could be rendered against the sureties upon an affirmance of the appeal, because they had not so agreed. The case is governed by the rule in *Bruhn v. Steffins*, 66 Wash. 144, 119 Pac. 29, and must be dismissed. It is so ordered.

FULLERTON, J. (dissenting)—I am unable to concur in the order of dismissal. The right of appeal is, in this state, a constitutional right; hence, any statutory regulation thereof cannot be in any sense jurisdictional. True, the legislature may, in the interest of uniformity, limit the time in which appeals may be taken, prescribe the manner and form of taking them, and otherwise regulate the procedure therein, and the courts will obey such regulations, in so far as they are reasonable and do not amount to a denial of the right. And since the statute does not grant the right, but merely regulates the right, the court should treat such statutes as it treats the statutes regulating the proceeding by which actions are brought and prosecuted in courts generally; it should entirely disregard informal violations of the procedure, and should allow all formal violations to be corrected whenever they are capable of being corrected. In the case before us, there is no reason why the defect found in the bond should not be corrected by the giving of a new bond. This can be done without injury to the other side, and without delaying the hearing of the cause on its merits in this court. Moreover, as I read the statutes, we are directly commanded to allow such amendments to be made. By section 1734 of the Code (Rem. & Bal.) it is provided that "no appeal shall be dismissed for any informality or defect in the notice of appeal, the appeal bond, or the service of either thereof, or for any defect of parties to the appeal, if the appellant shall forthwith, upon order of the supreme court, perfect the appeal."

In this case, the appellant has, pursuant to the terms of the foregoing statute, asked to be permitted to perfect its appeal, and has tendered for filing a bond regular in form and substance. To refuse it permission to do so is, to my mind, to visit upon it a penalty so far disproportionate to the offense committed as to amount to a denial of justice.