[Nos. 13569, 13570.  *En Banc.*  August 29, 1916.]

WILLIAM R. CRAWFORD, *Appellant*, v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY *et al., Respondents.*[1]

APPEAL—NOTICE—NECESSARY PARTIES—DISMISSAL. Under Rem. & Bal. Code, § 1720, requiring notice of appeal to be served upon all parties who have appeared in the action, an appeal from an order in receivership proceedings directing the sale of property to satisfy creditor's claims must be dismissed where it was not served upon the petitioner for the sale who was a party to the judgment or order of sale.

SAME—DISMISSAL—REVIEW—INTERLOCUTORY ORDER. If an order allowing claims in a receivership is viewed as interlocutory and to be reviewed only on appeal from final judgment, an appeal therefrom cannot be considered after dismissal of appeal from the final judgment.

SAME—NOTICE OF APPEAL—TIME. An appeal taken more than ninety days after final judgment must be dismissed for want of jurisdiction.

Motions to dismiss appeals from judgments of the superior court for King county, Frater, J., entered February 9, 1916, and Kauffman, J., entered November 12, 1915. Granted.

*Morris B. Sachs,* for appellant.

*Higgins & Hughes,* for respondents.

MAIN, J.—These are two motions for the dismissal of appeals, presented in the Seattle, Renton & Southern Railway Company receivership proceedings.

On April 30, 1912, William R. Crawford, principal stockholder of the railway company, brought an action against Peabody, Houghteling & Company and Augustus S. Peabody, Trustee, for the mortgage bondholders of the railway company, alleging an attempt on the part of these defendants to wreck the company, and also alleging imminent danger of insolvency, and praying for the appointment of a re-

[1]Reported in 159 Pac. 782.

ceiver.    To this action the railway company was a party
defendant.

On September 25, 1912, Peabody, Houghteling & Company and Augustus S. Peabody answered the complaint.    To
these answers, on October 26, 1912, the plaintiff filed replies.

The trial of the issues made by the complaint, the answers,
and the replies thereto, was begun on January 30, 1913,
and concluded on March 15 following.    In that action the
defendants had been charged with attempting to wreck the
road, and damages in a large sum were sought against them.

On May 17, 1913, the court signed and caused to be entered its findings of fact and conclusions of law, in which it
was found that the railway company was insolvent, and that
the conduct of the defendants had been blameless.    On November 12, 1915, the findings and conclusions were again
signed by the trial judge and refiled.    On this date a judgment was entered adjudging the railway company to be
insolvent, and denying to the plaintiff the relief prayed for.

On September 17, 1914, the Puget Sound Traction, Light
& Power Company filed in the cause a petition for the payment of power, alleging that it was the assignee of a contract which the Seattle, Renton & Southern Railway Company had entered into for the purchase of power, and that
this contract did not expire until April 24, 1926.    It was
stated in the petition that there was due upon the contract,
at the time the petition was filed, a sum in excess of
$103,810.57.    In this petition it was asked that the contract
be decreed a first lien upon the property in the hands of the
receiver, and that the property should be sold subject to the
contract.

On January 19, 1916, an order was entered allowing claims
which had been filed with the receivers and fixing the priorities
thereof.    On February 9, 1916, an order was entered directing the sale of the property to satisfy claims.    This order,
among other things, provided that any purchaser at the sale
should take the property or properties purchased subject to

the provisions of the contract for power held by the Puget Sound Traction, Light & Power Company.

On February 24, 1916, the plaintiff served and filed written notice that he appealed from the judgment entered on November 12, 1915. On the same day he served and filed written notice that he appealed from the order and decree of sale entered on February 9, 1916. The notice of appeal from the judgment entered on November 12, 1915, was served upon Peabody, Houghteling & Company and Augustus S. Peabody, Trustee, and upon the receivers. The notice of appeal from the order of sale on February 9, 1916, was not served on the Puget Sound Traction, Light & Power Company, nor upon a number of creditors who had appeared by counsel and presented their claims, and whose claims were classified and allowed in the order entered on January 19, 1916.

As above indicated, the motions are to dismiss both appeals. Considering first the motion directed to the appeal from the order of sale entered on February 9, 1916. It appears that that was an order entered in the receivership proceeding directing the sale of the property for the purpose of satisfying the claims of creditors, and providing in the order that the property should be sold subject to the contract for power held by the Puget Sound Traction, Light & Power Company, which did not expire until April 24, 1926.

The statute, Rem. & Bal. Code, § 1720, requires that, when the notice of appeal is not given at the time when the judgment or order appealed from is rendered or made, it shall be served in the manner required by law for the service of papers in civil actions and proceedings, upon "all parties who have appeared in the action or proceeding. . . ."

The Puget Sound Traction, Light & Power Company was a party to the judgment or order of sale, and as such was entitled to notice of the appeal. It was not so served, and because of this failure the appeal from this order became in-

effectual for any purpose. In *Roberston Mortgage Co. v. Thomas*, 63 Wash. 316, 115 Pac. 312, speaking of the necessity for serving a notice of appeal upon a party to the judgment, it was said:

"He thereby became a party to the judgment, and as such there can be no escape from holding that he should have been served with notice of the appeal. He was not so served, and under the established rule of this court, the appeal is, because of such failure, ineffectual for any purpose."

A number of creditors who had filed claims and formally appeared in support thereof were not made parties to the appeal. But it is not necessary to consider the question of the necessity for service of the notice of appeal upon them, since the failure to serve a party to the judgment was fatal to the appeal.

The appeal in this case cannot be sustained by the holding in *Jensen v. Angeles Brewing & Malting Co.*, 87 Wash. 392, 151 Pac. 825. In that case the receiver had filed a report of his doings as such receiver, from the time of his appointment to a date specified. The court thereupon made an order fixing a time and place for a hearing upon the report, and caused notice thereof to be given to all persons interested in the trust estate. At the time appointed, objections were made to the report by certain creditors of the insolvent, and evidence was taken upon the objections. The court directed the receiver to file a supplemental report, and fixed a date as a time for hearing objections to such report. The supplemental report was filed as directed, and notice served upon the parties interested, as ordered. A hearing was thereupon had upon both reports, and an order was entered. From this order, the receiver appealed.

In that case, the notice of appeal was served on all claimants who had appeared in the proceeding in response to the notice given of the hearing in which the order appealed from was made. The notice of appeal was not served upon certain

parties who had filed claims with the receiver and had taken no further part in the proceeding. It was there held that the phrase in the statute, "parties who have appeared in the action or proceeding," refers, "in cases like the present, to those parties who have appeared in the particular proceeding in which the order appealed from is entered, not to those who may have filed claims with the receiver and have taken no further part in the proceedings."

The holding in that case is expressly limited to its particular facts; and what is said in the opinion must be read in the light of the facts before the court. The holding there would not support an appeal where a party to the judgment was not served. Neither would it support an appeal where creditors who had filed claims and formally appeared in support thereof were not parties. The portion of the opinion relied on by the appellant was not necessary to the decision, and was merely dictum. To give this its full effect, as contended for by the appellant, would repeal the statute, and permit the court to determine a cause when all the parties who would be affected by the proceeding were not parties to the appeal. Obviously it was not the intention to so hold. The only reason that a notice of appeal given in open court at the time when the judgment appealed from is rendered is effective as to parties not then present is because the statute makes it so.

The case of *Kato v. Union Oil Co.*, 91 Wash. 302, 157, Pac. 688, is upon a statement of facts wholly different from that here presented, and, consequently, that case does not support the appeal.

The motion to dismiss the appeal from the judgment entered on November 12, 1915, will next be considered. If it be assumed that that judgment was merely an interlocutory order in the case, which could be reviewed by appeal from the judgment or order entered on February 9, 1916, then the appeal from that judgment would necessarily follow the disposition of the appeal from the order of sale. If, on the

other hand, that judgment was a final judgment from which an appeal might be prosecuted, then there is a jurisdictional defect in that appeal because the judgment was entered on November 12, 1915, and the notice of appeal was not given until February 24, 1916, which was more than ninety days after the judgment had been entered.

These motions, owing to the importance of the case, have by the court of its own motion been considered *En Banc*. There is no alternative but to dismiss both appeals, and it is so ordered.

MORRIS, C. J., MOUNT, HOLCOMB, PARKER, ELLIS, and CHADWICK, JJ., concur.