[No. 19558.   Department Two.   April 13, 1926.]

PUGET SOUND SAVINGS & LOAN ASSOCIATION, *Respondent,* v. CHARLES J. ERICKSON *et al., Defendants,* .
UNITED STATES SPRUCE PRODUCTION
CORPORATION, *Appellant.*[1]

[1] APPEAL (218)—SERVICE OF NOTICE—COPARTIES.   An appeal from a mortgage foreclosure must be dismissed where the notice of appeal was not served. upon appellant's co-defendants who appeared in the action and were affected by the judgment.

[2] SAME (218).   The failure to serve notice upon appellant's co-defendant who appeared in the case cannot be excused by appellant's ex parte affidavit to the effect that such co-defendant had assigned his interest and dropped out of the case before judgment, where the same is contradicted by such co-party and by the findings of fact and the record.

Appeal from a judgment of the superior court for King county, McCroskey, J., entered April 17, 1925,

[1]Reported in 244 Pac. 972.

upon findings in favor of the plaintiff, in an action to foreclose mortgages, tried to the court. Appeal dismissed.

*John A. Frater, Carey & Kerr,* and *Omar C. Spencer,* for appellant.

*Shank, Belt & Fairbrook,* for respondent.

MITCHELL, J.—This action was brought to foreclose real estate mortgages by the Puget Sound Savings & Loan Association, a corporation, against Charles J. Erickson and Anna E. Erickson, his wife, B. H. Nazarena and Jane Doe Nazarena, his wife, United States Fidelity and Guaranty Company, a corporation, and United States Spruce Production Corporation, a corporation, defendants. The mortgages were given to the plaintiff by Erickson and wife. The complaint contained the usual and ordinary allegation that the defendants claimed some right, title or interest in, or lien upon, the mortgaged premises, but whatever each or all have is subsequent and inferior to the liens of plaintiff's mortgages. An order of default was entered against Erickson and wife and the United States Fidelity and Guaranty Company, a corporation, who, though served with process, made no appearance in the case.

B. H. Nazarena and wife made and filed an answer denying generally the essential averments of the complaint, and setting up their claim to the property, which they alleged was superior to the liens of plaintiff's mortgages. The United States Spruce Production Corporation, a corporation, appearing separately made a similar answer. All of the answering defendants took part in the trial, and had incorporated in the judgment their separate and several exceptions to the judgment, which was signed and entered on April 16,

1925. Formal findings of fact and conclusions of law were made and entered. The judgment, in the usual form, foreclosed the mortgages and ordered the property sold at sheriff's sale for the amount declared to be due to the plaintiff and further ordered that

". . . by the sales each and all of the said defendants be foreclosed of all right, title or interest in, or lien or claim upon, said premises and each and every part thereof, subject only to the right of redemption provided by law."

On July 2, 1925, the United States Spruce Corporation, a corporation, served upon the attorneys for the plaintiff and filed in the cause its notice of appeal from the whole of the judgment. The notice of appeal was not served on Nazarena or his wife or their attorney. Neither party to the action gave notice of appeal in open court at the time of the signing and entry of the judgment.

[1] The respondent has moved to dismiss the appeal on account of the failure of the appellant to serve, or cause to be served, its notice of appeal on appellant's co-defendants Nazarena and wife or their attorney of record. In *Robertson Mortgage Co. v. Thomas*, 63 Wash. 316, 115 Pac. 312, discussing the necessity for serving notice of appeal upon a party to the judgment, we said:

"He thereby became a party to the judgment, and as such there can be no escape from holding that he should have been served with notice of the appeal. He was not so served, and under the established rule of this court, the appeal is, because of such failure, ineffectual for any purpose."

Some of our other cases to the same effect are *Crawford v. Seattle, Renton & Southern R. Co.*, 92 Wash. 670, 159 Pac. 782; *In re Myhren's Estate*, 95 Wash. 101,

163 Pac. 388; and *Studebaker v. Buckingham,* 136 Wash. 346, 240 Pac. 4. On behalf of the appellant, other cases of this court have been cited and discussed, but upon examination they will be found to rest upon records and facts essentially different from those in the present case. The motion to dismiss in this case is controlled by those cases we have specifically mentioned and others therein referred to.

[2] Appellant undertakes to obviate the conclusion we reach by an affidavit made by Nazarena which appears to have been filed in the superior court in September, 1925, months after the notice of appeal was given, to the effect that, on a date mentioned, which was prior to the date of the judgment, he had assigned and sold all his interest in the property to one he thought was Erickson, and hence he was not thereafter a party in interest. But if, without other answers to that contention, the affidavit showing would be sufficient to cause the motion to dismiss the appeal to be denied, it is sufficient to observe that Erickson by affidavit positively denies the statement of Nazarena. The affidavit of Nazarena refers to something done prior to the date of the judgment, and neither his affidavit nor that disputing it is settled and certified as a statement of facts or any part of one; and, above all, the statement in the *ex parte* affidavit of Nazarena is expressly negatived by the findings of fact to which appellant took no exception, and by recital in the judgment that he, Nazarena, and his wife were parties in interest. He was present and took part in the trial, and had an exception to the entry of the judgment. At the time the notice of appeal was given, the service of which is now objected to, Nazarena and wife were parties of record represented by an attorney of record and, for aught that appears, such is still the case.

The motion to dismiss the appeal must be and it is granted.

TOLMAN, C. J., MAIN, PARKER, and MACKINTOSH, JJ., concur.