[No. 26266. *En Banc.* April 8, 1937.]

JOHN EMORY DENO, *a Minor, by John Deno, his Guardian ad Litem, et al., Appellants,* v. STANDARD FURNITURE COMPANY, *Respondent,* BERMAN SCHOENFELD *et al., Defendants.*[1]

[1]Reported in 66 P. (2d) 1158.

2

*Oscar A. Zabel* and *A. H. Solomon,* for appellants.

*J. Speed Smith* and *Henry Elliott, Jr.,* for respondent.

BLAKE, J.—These are actions for damages for personal injuries sustained by plaintiffs as the result of the breaking and giving way of the railing of an outside stairway appurtenant to a tenement house owned by the Standard Furniture Company. The plaintiffs joined, as parties defendant, the Standard Furniture Company, Berman Schoenfeld, L. Kenneth Schoenfeld *et ux.,* Herbert A. Schoenfeld *et ux.,* and Oser Dreck Company, a corporation. The cases were consolidated for trial.

At the close of the plaintiffs' case, the court granted motions for dismissal as to all the defendants except Oser Dreck Company. The trial proceeded as against it, and verdicts were rendered in favor of the plaintiffs. Except as to amounts, identical judgments were entered in the two cases. These judgments were in favor of plaintiffs as against Oser Dreck Company, and against them as to the other defendants. As to the latter, the judgments were as follows:

"It is therefore ordered that the above entitled action as to the defendants, Standard Furniture Company, a corporation, Berman Schoenfeld, L. Kenneth Schoen-

feld and Ruth G. Schoenfeld, his wife, be and the same is hereby dismissed."

Oser Dreck Company has not appealed.

Plaintiffs gave notice of appeal to Standard Furniture Company

". . . from that portion of said judgments entered heretofore in the above entitled actions in favor of the defendant, Standard Furniture Company," etc.

Respondent has moved to dismiss the appeal on the ground that notice of appeal was not served on Oser Dreck Company and the individual defendants. In support of the motion, respondent cites the following cases: *Traders' Bank of Tacoma v. Bokien*, 5 Wash. 777, 32 Pac. 744; *Dewey v. South Side Land Co.*, 11 Wash. 210, 39 Pac. 368; *Cornell University v. Denny Hotel Co.*, 15 Wash. 433, 46 Pac. 654; *Wax v. Northern Pac. R. Co.*, 32 Wash. 210, 73 Pac. 380; *Davis v. Tacoma R. & P. Co.*, 35 Wash. 203, 77 Pac. 209, 66 L. R. A. 802.

The rule of those cases was that notice of appeal must be served on all parties who appeared in the action. That rule, however, was mitigated after the enactment of chapter 49, Laws of 1899, p. 79 (Rem. Rev. Stat., § 1734 [P. C. § 7319]), so as to require notice of appeal only on parties to the record affected by the judgment. See *Sipes v. Puget Sound Electric R. Co.*, 50 Wash. 585, 97 Pac. 723. The case of *Puget Sound Savings & Loan Ass'n v. Erickson*, 138 Wash. 578, 244 Pac. 972, also cited by respondent, illustrates the application of the modified rule. The implication in the cases of this class is that notice of appeal must be served on all parties affected by the judgment—whether favorably or unfavorably. In fact, the rule was so stated in *In re Myhren's Estate*, 95 Wash. 101, 163 Pac. 388:

"It is suggested that, if the appeal should be entertained and the decree of the lower court should be

reversed, such a disposition of the case would redound to the benefit and advantage of the omitted parties. But this is not the test by which necessary parties to an appeal are determined. It is not for the court to presume to speak upon that question in behalf of litigants who seem to be satisfied with the decree of the lower court and who do not appeal therefrom. The suggestion that the interests of the omitted parties will be favorably affected by a reversal of the decree is an implied admission that their interests are involved, and the true criterion by which to determine necessary parties to an appeal is whether the interests of the parties in question will be affected by a reversal or a modification of the judgment, order, or decree from which the appeal is prosecuted."

However the rule may have been stated from time to time subsequent to the enactment of chapter 49, Laws of 1899, p. 79 (Rem. Rev. Stat., § 1734 [P. C. § 7319]), the practical application of the rule required service of notice of appeal only upon those parties to the record whose interests might be *adversely affected* by the decision of this court on the appeal. In *Cole v. Washington Motion Picture Corp.*, 112 Wash. 548, 192 Pac. 972, it was said:

"This court has held that the object and purpose of the legislature was to require all interested parties to jointly prosecute their appeals and cross-appeals, so that the same cause might not appear in the appellate court by piecemeal. *Sipes v. Puget Sound Elec. R. Co.*, 50 Wash. 585, 97 Pac. 723. It held in the same case, and has held in later cases, that this object was accomplished when all parties who appeared in the action and whose rights in the judgment or order appealed from could be adversely affected by the action of the appellate court were served, even though a party may be omitted who would be included by a literal interpretation of the statute. But further than this the court has not gone. It has uniformly insisted that all parties to an action or proceeding who have appeared therein and whose rights in the judgment

or order appealed from may or can be adversely affected by the judgment of the appellate court must be served with the notice of appeal, else the appeal will be ineffectual and a dismissal necessitated. The cases need not be here collected. Sufficient of them to illustrate the principle are found in the briefs of counsel, and others will be found in the footnotes to the sections of the statute cited where found in the code from which they are taken."

This statement of the rule has since been expressly approved in *Stone v. Brakes, Inc.*, 172 Wash. 644, 21 P. (2d) 524, and, by implication at least, in *United Truck Lines v. Department of Public Works*, 181 Wash. 318, 42 P. (2d) 1104.

In applying the rule to the situation here presented, it is to be remembered that Oser Dreck Company has not appealed from the judgments, and the individuals could not. See *Sipes v. Puget Sound Electric R. Co.*, *supra*. Nor have plaintiffs appealed from the judgments as against Oser Dreck Company. Whatever judgment this court may render on the appeal from the judgment dismissing the Standard Furniture Company from the actions, can in no wise adversely affect Oser Dreck Company or the individual defendants. *Sipes v. Puget Sound Electric R. Co., supra*. It was therefore unnecessary to serve them with notice of appeal. The motion to dismiss the appeal is denied.

Respondent has also moved to strike the statement of facts, because notice of filing was not served on Oser Dreck Company and the individual defendants, as provided by Rem. Rev. Stat., § 389 [P. C. § 7817]. The motion is denied. Such notice is not required to be served on parties who are not necessary parties to the appeal. *Mogelberg v. Calhoun*, 94 Wash. 662, 163 Pac. 29.

Respondent has also moved to strike appellants' abstract of the record. While appellants have not con-

densed the testimony into narrative form to the extent they might have, we do not feel warranted in striking the abstract. The motion is denied.

On the merits, the following are the salient facts as disclosed by the record: For many years, the respondent, Standard Furniture Company, has been the owner of lots 10, 11 and 12, Block 17, Sarah A. Bell's Second Addition to Seattle, upon which was a three-story frame building known as the "Denny House." Prior to September, 1932, the premises were leased to a Mrs. Folcolt, who was purchasing from Standard Furniture Company, under a conditional bill of sale, some, if not all, of the furniture and furnishings in the house. Mrs. Folcolt became financially involved, and a receivership resulted. Standard Furniture Company repossessed the property and furniture.

At that time, the trustees of Standard Furniture Company were Berman Schoenfeld, Herbert A. Schoenfeld, and Melville Monheimer. Herbert A. Schoenfeld was vice-president, and had particular supervision of the company's real estate holdings. Mr. Monheimer was the legal adviser of the company.

Standard Furniture Company is wholly owned by the Schoenfeld family. Berman Schoenfeld and Herbert A. Schoenfeld were brothers. The latter died in April, 1933. Also active in the business of the company were the former's son, Berman Schoenfeld, Jr., and Herbert A. Schoenfeld's sons, L. Kenneth and Herbert. After Herbert A. Schoenfeld's death, Berman, Jr., became manager of the properties. He and Herbert A.'s sons were rotated on the board of trustees, and held the offices of vice-president, treasurer and secretary.

In January of 1933, Mr. Monheimer, at the instance of Herbert A. Schoenfeld, prepared articles of incorporation of Oser Dreck Company. These articles pro-

vided for one hundred shares of no-par value. The trustees named in the articles were Berman Schoenfeld, Jr., and L. Kenneth Schoenfeld. Upon the consummation of incorporation, however, they resigned, and Monheimer and his law partner, Van Griffin, succeeded as trustees. These latter also subscribed to all of the capital stock. They paid for the stock by assigning to the company a leasehold interest in the Denny House, $150 in cash, and the equity in the unpaid balance of a conditional sales contract on the furnishings which formerly had been held by Mrs. Folcolt.

On February 4, 1933, Standard Furniture Company executed a lease of the Denny House for a term of two years to Oser Dreck Company. This lease was unacknowledged. At about the same time, Standard Furniture Company sold to Oser Dreck Company, under conditional bill of sale, the furniture and furnishings located in the building.

Monheimer placed a manager in charge of the premises, who, at all times with which we are concerned, was in immediate charge of the property. Rents went into the office of Monheimer and Griffin, and disbursements were made through their office. It appears, however, that the manager of the Denny House was instructed to purchase all running supplies possible from Standard Furniture Company. That was done, with the result that Oser Dreck Company became indebted to Standard Furniture Company on open account as well as under the conditional sales contract. In buying fuel for Denny House, Oser Dreck Company purchased from one Francis, who was indebted to Standard Furniture Company. Instead of getting cash for wood sold to Oser Dreck Company, Francis got credit on his account with Standard Furniture Company.

It is fairly inferable from the evidence that whatever returns came in from the property over and above operating expenses found their way into the treasury of Standard Furniture Company. These returns, however, were not sufficient to keep up the payments due on the conditional sales contract. In the spring of 1935, Standard Furniture Company repossessed the personal property, and had the Denny House torn down.

In the meantime, Paul Dudley's family became tenants in the Denny House. They occupied apartment No. 28, which was on the second floor. As we have intimated, there was an outside wooden stairway in the rear of the building for the use of the tenants. On the afternoon of February 27, 1935, Paul, accompanied by Emory Deno, went to the apartment. On leaving, they started down the back stairway. At the landing between the first and second floors, Emory leaned up against the railing, which gave way. As Emory started to fall, Paul caught hold of him, but instead of saving Emory, Paul himself was pulled over, and both boys fell to the ground twelve feet below, sustaining injuries on account of which they seek to recover in these actions.

That the railing was so rotten as to be incapable of withstanding the pressure of a person leaning against it, was fairly established by the evidence. That the condition of the railing might have been ascertained by reasonable inspection, is also fairly established. So that, under the evidence, someone is chargeable with negligence. The legal responsibility of Oser Dreck Company is established by the judgment, from which it has not appealed. But it is financially irresponsible. It has always been insolvent.

The question now is whether the Standard Furniture Company can be held legally responsible. It is appellant's contention that it can be, because Oser

Dreck was the *alter ego* of the Standard Furniture Company; that the former was merely the instrumentality by which the latter operated and managed the Denny House; the Oser Dreck Company was simply the conduit through which the revenues from the operation of the Denny House flowed into the treasury of the Standard Furniture Company.

On the other hand, respondent contends that the undisputed testimony is that the operation of the Denny House by Oser Dreck Company was the personal venture of Monheimer and Griffin, wholly dissociated from Standard Furniture Company. This testimony all came from interested witnesses. Upon such testimony, in face of the facts and circumstances surrounding the relationship between Standard Furniture Company and Oser Dreck Company, the court was not warranted in saying, as a matter of law, that the latter was not *alter ego* of the former. *Coey v. Darknell,* 25 Wash. 518, 65 Pac. 760; *Gosline v. Dryfoos,* 45 Wash. 396, 88 Pac. 634; *Gibson v. Chicago, M. & P. S. R. Co.,* 61 Wash. 639, 112 Pac. 919; *Bond v. Werley,* 175 Wash. 659, 28 P. (2d) 318. In *Gosline v. Dryfoos, supra,* the court quoted with approval from *Chandler v. Attica,* 22 Fed. 625, as follows:

"A witness may be contradicted by circumstances as effectually as by the statements of other witnesses. Conjecture is not to be substituted for probative *indicia;* but where these exist, a judge or a juror is not bound to surrender his convictions and blindly accept the statement of a witness, because no other witness has contradicted it, and the character of the witness is not impeached. The authorities are numerous that a judge or jury, in the exercise of judicial discretion, is at liberty to reject the statements of witnesses in the situation of the witnesses here, and under the circumstances of this case."

The relationship of, and the course of dealing between, the two corporations and their officers were such as to make a question for the jury as to whether Oser Dreck Company was merely an instrumentality or conduit of Standard Furniture Company, in the maintenance and operation of the Denny House. *Platt v. Bradner Co.*, 131 Wash. 573, 230 Pac. 633; *Wilson v. Washington Concrete Pipe Co.*, 178 Wash. 545, 35 P. (2d) 71.

The judgments dismissing Standard Furniture Company from the actions are reversed.

STEINERT, C. J., MAIN, TOLMAN, BEALS, GERAGHTY, and ROBINSON, JJ., concur.

MILLARD, J. (dissenting)—When the law and the precedents conflict, the courts should follow the law. Where the law and the precedents are in harmony each with the other, surely, along such a well-defined road the court should have no difficulty in proceeding.

Section 4, chapter 61, Laws 1893, p. 120, Rem. Rev. Stat., § 1719 [P. C. § 7293], provides that an appeal may be taken by giving notice in open court at the time the judgment or order, from which the appeal is taken, is rendered or made; or by serving written notice on the *prevailing party* or his attorney within the time elsewhere (Rem. Rev. Stat., § 1718 [P. C. §7292]) limited in the statute for taking appeals. It is further provided (§ 5, chapter 61, Laws 1893, p. 121; Rem. Rev. Stat., § 1720 [P. C. § 7294]) that:

"When the notice of appeal is not given at the time when the judgment or order appealed from is rendered or made, it shall be served in the manner required by law for the service of papers in civil actions and proceedings, upon *all parties who* have *appeared* in the action or proceeding: . . ." (Italics mine.)

The language of the statute is plain. It admits of but one meaning—"the notice of appeal . . . shall

be served . . . upon all parties who . . . appeared in the action." Therefore, interpretation was not, at the time this court commenced to modify the statute, and is not now, necessary.

"And if the words of the statute are in themselves precise and unambiguous no more is necessary than to expound these words in their natural and ordinary sense, the words themselves in such case best declaring the intention of the Legislature." Maxwell, Interpretation of Statutes (6th ed.), p. 1.

We said in *State ex rel. George v. Seattle,* 184 Wash. 560, 52 P. (2d) 360:

"A cardinal rule of statutory construction, followed by the courts, is that, where a statute is clear upon its face and is fairly susceptible of but one construction, that construction must be given. *Burdick v. Kimball,* 53 Wash. 198, 101 Pac. 845; *Tsutakawa v. Kumamoto,* 53 Wash. 231, 101 Pac. 869, 102 Pac. 766; *Pacific Match Co. v. Burroughs Adding Machine Co.,* 157 Wash 434, 289 Pac. 16. Stated in another way, interpretation is unnecessary when the statute is plain and admits of but one meaning. *In re Eaton's Estate,* 170 Wash. 280, 16 P. (2d) 433."

It can be aptly said, paraphrasing the Bible, that the language of the statute is so clear that a wayfaring man, yea any who can read, need not err therein.

The majority hold, in effect, that the motion to dismiss the appeal, on the ground that the notice of appeal was not served on Oser Dreck Company and the individual defendants, should not be granted, in view of this court's disregard of the statute and the precedents commencing with *Sipes v. Puget Sound Electric R. Co.,* 50 Wash. 585, 97 Pac. 723. It is conceded, in the majority opinion, that the statutory rule required, prior to *Sipes v. Puget Sound Electric R. Co., supra,* the service of notice of appeal on all parties who appeared in the action. Surely, then, we should follow the law,

which is written in plain, unambiguous language. The majority opinion states that the rule

" . . . was mitigated after the enactment of chapter 49, Laws of 1899, p. 79 (Rem. Rev. Stat., § 1734 [P. C. § 7319]), so as to require notice of appeal only on parties to the record affected by the judgment."

It should be borne in mind that the notice of appeal was not served upon defendants Berman Schoenfeld, L. Kenneth Schoenfeld, and Ruth G. Schoenfeld. If we omit the Oser Dreck Company, can it be logically held that the defendants Schoenfeld are not "parties to the record affected by the judgment?" On the ground that notice of appeal was not served upon defendants Schoenfeld, the appeal should be dismissed if the majority observed the rule it is claimed was modified by *Sipes v. Puget Sound Electric R. Co., supra.*

I do not agree that chapter 49, Laws of 1899, p. 79, afforded, at the time the opinion in *Sipes v. Puget Sound Electric R. Co., supra,* was written, or affords now, any excuse for this court's departure from the rule enacted by the legislature. There is no language in chapter 49, Laws of 1899, p. 79 (Rem. Rev. Stat., § 1734), which expressly or impliedly repealed or amended § 5, chapter 61, Laws of 1893, p. 121 (Rem. Rev. Stat., § 1720). We again quote the pertinent portion of the latter section so that it may be plain to all who may read that § 5, chapter 61, Laws of 1893 (Rem. Rev. Stat., § 1720) was not in any wise amended by chapter 49, Laws of 1899, p. 79 (Rem. Rev. Stat., § 1734), prior opinions and present opinion of this court to the contrary notwithstanding.

"When the notice of appeal is not given at the time when the judgment or order appealed from is rendered or made, it shall be served in the manner required by law for the service of papers in civil actions

and proceedings, upon all parties who have appeared in the action or proceeding:   .   .   ."

Section 19, chapter 61, Laws of 1893, p. 129, has to do with the hearing and disposition of motions in this court.   It was amended by chapter 49, Laws of 1899, p. 79 (Rem. Rev. Stat., § 1734).   That the position of the majority, respecting the effect of the enactment of chapter 49, Laws of 1899 (Rem. Rev. Stat., § 1734) on § 5, chapter 61, Laws of 1899 (Rem. Rev. Stat., § 1720), is untenable, is manifest if one compares § 18, chapter 61, Laws of 1893, p. 129 (Rem. Rev. Stat., § 1733 [P. C. § 7318]), with chapter 49, Laws of 1899, p. 79 (Rem. Rev. Stat., § 1734), and then reads § 5, chapter 61, Laws of 1893, p. 121 (Rem. Rev. Stat., § 1720).   Section 19, chapter 61, Laws of 1893, p. 129, as amended by chapter 49, Laws of 1899, p. 79 (Rem. Rev. Stat., § 1734), reads as follows:

"Sec. 19.   If the supreme court on the hearing of any such motion or motions shall find the grounds or any thereof alleged, for the same, to be well taken and true in [fact] *effect,* the court may grant the same in whole or in part, but when any such motion does not go to the substance of the appeal, or to the right of appeal, and the court shall be of the opinion that the moving party can be compensated in costs, or by the imposition of other terms for any delay of the appellant which is made the ground of any such motion (except a failure to take the appeal within the time limited by law) the court, in its discretion, may deny the motion on such terms, as may be just.   The court shall upon like terms allow all amendments in matters of form, curative of defects in [appellate] proceedings, to the end that substantial justice be secured to the parties, and no appeal shall be dismissed for any informality or defect in the notice of appeal, *the appeal bond,* or the service *of either* thereof, *or for any defect of parties to the appeal if the appellant shall forthwith, upon order of the supreme court, perfect the appeal* [if from the notice or other parts of the record

on appeal it appears that the adverse party has had sufficient notice of the appeal, describing the judgment or order appealed from with such certainty that his substantial right would not be prejudiced by the hearing of the appeal.]"

In the section quoted above, I have italicized the language added by the 1899 amendment and have placed in brackets the language deleted by the 1899 statute.

One of our late, able judges frequently, in speaking of his contemporaries on this Bench, observed, in a spirit of half levity and half seriousness, paraphrasing the Bible, "There were giants in those days." Patently, those giants disregarded the law and the precedents if they held that the statutory rule (Rem. Rev. Stat., § 1720) in question does not require the service of the notice of appeal upon all parties who appeared in the action or proceeding. The statute is explicit. Our opinions from the time of the enactment *to ten years subsequent to the amendment of § 19,* chapter 61, Laws of 1893, p. 129, by chapter 49, Laws of 1899, p. 79, which could not cure jurisdictional defects, were in harmony with § 5, chapter 61, Laws of 1893, p. 121 (Rem. Rev. Stat., § 1720). The attitude of one of the giants of those days is reflected in his language in *Canal Lumber Co. v. Kong Yick Inv. Co.,* 67 Wash. 126, 120 Pac. 882. That late, able judge, who rarely voted to grant a motion to dismiss an appeal, unsoundly uttered the following in the case cited:

"The right of appeal is, in this state, a constitutional right; hence, any statutory regulation thereof cannot be in any sense jurisdictional."

In a very narrow, a very restricted sense, that·may be true, but the quoted language, if applied and followed as its author desired, would preclude that regulation by legislative enactment or court rule essential

to the administration of justice. There is another flaw, which should be noticed, in the position of that late, able jurist: The authorities are uniformly to the contrary.

The utter disregard (if, as stated in the majority opinion, the rule was mitigated by this court because of or by the enactment of chapter 49, Laws of 1899, p. 79, Rem. Rev. Stat., § 1734) of the plain language of § 5, chapter 61, Laws of 1893, p. 121 (Rem. Rev. Stat., § 1720), cannot be too strongly reprehended. Without a valid excuse therefor or expressed overruling of the cases theretofore in accord with the rule prescribed by the legislature—no reason, acceptable to the author of this dissent, is apparent in the opinion—this court refused to follow the law and the precedents which were in harmony therewith. Surely, a point—even a rule of practice and procedure—once decided, should be unsettled for only weighty and conclusive reasons. If the rule is to be as announced in the majority opinion, the court should expressly overrule, citing each, all of our opinions contrary thereto. The proper, the orderly, method, under our rule-making power, would be to adopt rules of procedure—and strictly adhere thereto—and repeal the statutes in conflict therewith. We owe that duty to the legislature, to the bar, to the court.

In *Dewey v. South Side Land Co.*, 11 Wash. 210, 39 Pac. 368, we held that, under § 5, chapter 61, Laws of 1893, p. 121, failure to serve notice of appeal upon all parties appearing in the action is ground for dismissal of the appeal, although all the parties not served were represented by the same attorneys as the appellant. A statement appears in that opinion to the effect that this provision of the present statute is substantially the same as that contained in former statutes, under which this court has many times held that a failure to give

the required notice entitles the respondent to a dismissal of the appeal, upon motion.

See, also, *Cornell University v. Denny Hotel Co.*, 15 Wash. 433, 46 Pac. 654; *Smith v. Beard,* 21 Wash. 204, 57 Pac. 796.

In *Smalley v. Laugenour,* 30 Wash. 307, 70 Pac. 786, without citation of authority, *in utter disregard of the statute, and without overruling prior opinions* in harmony with the statute, *this court held* that the statutory provision, which requires notice of appeal to be served on all parties who have appeared in the action, does not require that the notice shall be directed to all parties who have appeared, but *it is sufficient if the notice be directed to the prevailing parties.* That opinion was filed November 12, 1902; hence, was subsequent to the 1899 amendment of § 19, chapter 61, Laws of 1893, p. 129. This seems to be the first departure from the rule enacted by the legislature; until that time, the rule was followed by this court. However, nearly a year later, the court disregarded *Smalley v. Laugenour, supra,* in *Wax v. Northern Pac. R. Co.,* 32 Wash. 210, 73 Pac. 380, decided July 9, 1903. We held that, under the statute and the repeated rulings of this court, the failure of an appellant to serve notice of appeal on a co-defendant, who does not join in the appeal, is ground for dismissal of the appeal.

See, also, *Davis v. Tacoma R. & P. Co.,* 35 Wash. 203, 77 Pac. 209, 66 L. R. A. 802.

In *Reynolds v. Reynolds,* 42 Wash. 107, 84 Pac. 579, decided March 2, 1906, notice was taken of chapter 49, Laws of 1899, p. 79. We held that an appeal will not be dismissed because of filing of the notice of the appeal before service thereof, or because of failure to file proof of service within five days, where the proof was subsequently made and no delay or injury results,

in view of chapter 49, Laws of 1899, p. 79, which, we said,

"... materially changes the prior act, and which provides that no appeal shall be dismissed for any defect in the notice of appeal or the service thereof, if the appellant shall forthwith perfect the appeal."

In *Sipes v. Puget Sound Electric R. Co.*, 50 Wash. 585, 97 Pac. 723, decided October 15, 1908, we held that, where judgment is entered in a personal injury case, upon a verdict in favor of plaintiff against one defendant for damages, and in favor of a co-defendant for costs, and an appeal is taken by the unsuccessful defendant, the failure to serve the notice of appeal on the co-defendant, as required by § 5, chapter 61, Laws of 1893, p. 121, does not deprive this court of jurisdiction or work a dismissal of the appeal; since § 4, chapter 61, Laws of 1893, p. 120 (Rem. Rev. Stat., § 1719), provides that service of the notice upon the prevailing party shall effect the appeal; and since such co-party has no right to appeal and no interest in the appeal taken, and the same does not go to the substance or to the right to appeal, under chapter 49, Laws of 1899, p. 79, which provides for the denial, on terms, of motions to dismiss which do not go to the substance or to the right to appeal, and for amendments to cure defects, and that appeals shall not be dismissed for informalities or defects in the notice or service if the appeal be forthwith perfected.

Judges Rudkin and Fullerton, who concurred in the result of that opinion, observed that, in a number of early cases in this court, the statutory provision requiring the service of the notice of appeal on all parties who appeared in the action was mandatory, and that the service of the notice of appeal on all such parties was jurisdictional. We quote from that concurring opinion, as follows:

"If these rulings are correct, the failure to serve the notice of appeal on the defendant Dimmock in this case is not cured by the act of 1899, for we have repeatedly held that the latter act does not cure jurisdictional defects. The numerous cases in which appeals have been dismissed for failure to give an appeal and supersedeas bond in double the amount of the judgment below and the $200 additional, are illustrations. . . . the legislature never contemplated the service of a notice of appeal on parties who could not appeal or join in an appeal, and whose rights could in no manner be affected by any action the appellate court might take."

The majority opinion held that the motion to dismiss should be denied, on the ground that the alleged defect, arising from the want of service on the defendant Dimmock, did not affect the substance of the appeal, nor the right to appeal; that the defendant Dimmock had no substantial interest in the appeal prosecuted by the Puget Sound Electric Railway Company; and *that,* in any event, *the possession of the notice of appeal by Dimmock's attorneys, who made and served it as attorneys for appellant, was sufficient service on them, as Dimmock's attorneys, to be actual notice of the appeal taken.*

In *Robertson Mortgage Co. v. Thomas,* 60 Wash. 514, 111 Pac. 795, we held that, when one appears in an action and has a right of appeal and is not served with notice of appeal, a motion to dismiss the appeal and affirm the judgment will be sustained. In that opinion, the late Chief Justice Dunbar analyzed *Sipes v. Puget Sound Electric R. Co.,* 50 Wash. 585, 97 Pac. 723. The opinion states that, in the case cited, it was held that the motion to dismiss, because one Dimmock, who had been a party to the action and who had appeared and defended the action, had not joined in the appeal and had not been served, could not be sustained. Chief

Justice Dunbar stated that the motion to dismiss was on the ground that the court had no jurisdiction, for the reason that Dimmock had not been served, and there was a non-compliance with the provision of § 5, chapter 61, Laws of 1893, p. 121, that, when the notice of appeal is not given at the time when the judgment or order appealed from is rendered or made, it shall be served upon all parties who have appeared in the action or proceeding. The opinion states:

"The rule theretofore announced by this court was somewhat modified in this decision, and *it was held, in effect, that it was the object of the law to enforce notice of appeal on parties who could appeal or join in an appeal, and whose rights would or might be affected by some action which the appellate court might take; but that, inasmuch as Dimmock could not appeal, for the reason that he had prevailed in the court below and that there was no judgment against him, the motion to dismiss could not prevail.*" (Italics mine.)

The opinion further states that, in the case then before the court, the defendants in the mortgage foreclosure, alleged to have an interest in the premises and who appeared by stipulation and defaulted, are necessary parties to an appeal by co-defendants, and, if not served, the appeal will be dismissed, since those defendants could, although in default, raise jurisdictional questions in the appellate court and are presumed to be affected by the appeal; that is to say, the defaulting defendants in *Robertson Mortgage Co. v. Thomas, supra,* were in the same position as the Oser Dreck Company and defendants Schoenfeld. They lost in the trial court and had the right of appeal.

In *Sipes v. Puget Sound Electric R. Co., supra,* the co-defendant Dimmock had no right of appeal, because he prevailed in the trial court. The Oser Dreck Company, in the case at bar, did not prevail in the trial court; it had a right of appeal. Defendants Schoenfeld

prevailed in the trial court and will be affected by our disposition of this appeal.

"On the contrary, they were barred by the judgment of all interest which they might have, and under the allegations of the complaint, some interest is claimed by them. It is true that it might be reasonable to suppose that, not having appeared to urge their defense to this action, they had none. *But it will not do to lay down the rule that we will have to investigate the merits of a case to determine the litigant's right of appeal, or to determine what question he might or might not raise on appeal. We can look no further than to determine (1) whether he was a party to the action appearing in the case, and (2) whether he is entitled to an appeal. If these two conditions concur, it must be presumed that he is affected by the judgment; whether wrongfully affected, must be determined on the appeal.* A party defendant to an action has a right to rely upon a defense which he may choose to make in the appellate court; and while there are certain defenses of which he might be debarred by not urging them in the trial court, the jurisdiction of the court and the question that the complaint did not state a cause of action against him are always left to him in this court.

"The parties, then, having appeared in the action and having a right of appeal, and not having been served with notice of appeal, for reasons stated too many times by this court to need a repetition, the motion to dismiss and affirm will be sustained." (Italics mine.)

The foregoing authority clearly distinguishes *Sipes v. Puget Sound Electric R. Co., supra,* and is an authority for the position that I take, that the failure to serve the notice of appeal on the Oser Dreck Company and the other defendants is fatal to the appeal.

In *Long Bell Lumber Co. v. Gaston,* 78 Wash. 598, 139 Pac. 641, we held that Rem. Rev. Stat., § 1734, which provides for the denial of motions to dismiss an appeal on grounds not going to the merits, except for

failure to take the appeal in time, does not authorize the denial of a motion to dismiss for failure to serve the notice of appeal, within the time limited by the statute, upon the surety company against which and the appellant a joint judgment was entered. We said:

"Thereupon the case was tried to the court, and a joint judgment was entered against the appellant and the surety company. The appellant gave notice of appeal, but did not serve the same upon the surety, and it has not appealed. The statute, Rem. & Bal. Code, § 1720 (P. C. 81 § 1191), provides that the notice of appeal shall be served 'upon all parties who have appeared in the action.' Section 577 (P. C. 81 § 899), provides that, if the claimant in actions of this character shall not maintain his title, judgment shall be rendered against him and his sureties for the value of the property. The judgment was entered against both the appellant and its sureties in harmony with this provision. This court, in an unbroken line of decisions, has held that sureties upon a claim and delivery bond appear in the action, within the meaning of the statute, and that a notice of appeal is fatally defective which is not served upon the surety. *Cline v. Mitchell*, 1 Wash. 24, 23 Pac. 1013; *Carstens v. Gustin*, 18 Wash. 90, 50 Pac. 933; *Winters v. Grays Harbor Boom Co.*, 19 Wash. 346, 53 Pac. 368; *State ex rel. Billings v. Port Townsend*, 27 Wash. 728, 67 Pac. 1135; *Pierce v. Commercial Inv. Co.*, 31 Wash. 655, 72 Pac. 473; *Aetna Ins. Co. v. Thompson*, 34 Wash. 610, 76 Pac. 105. . . .

"The appellant contends that the motion should be denied under the provisions of Rem. & Bal. Code, § 1734 (P. C. 81 § 1221). An examination of that section will disclose that a failure to take the appeal within the time limited by law is expressly excepted by the statute. Rem. & Bal. Code, § 1720 (P. C. 81 § 1191), provides that all parties whose interests are similarly affected by a judgment may join in the notice of appeal, and that any such party who has not joined in the notice may, at any time within ten days after the notice is given or served, serve an independent

notice of like appeal or join in the appeal already taken. In *Peck v. Peck,* 76 Wash. 548, 137 Pac. 137, it was held that the terms of the statute were imperative and left no room for construction, and the appeal of certain parties was dismissed where their notice of appeal was served one month after the original appeal was taken. Moreover, *State ex rel. Billings v. Port Townsend,* was decided in 1902, and *Pierce v. Commercial Inv. Co.,* was decided in 1903. The section relied upon was enacted in 1899.

"If the legislature has the power to prescribe the procedure for taking an appeal (and this is not questioned), the sections of the statute to which reference has been made leave no room for construction. We have said in the cases to which we have referred that a compliance with their provisions is jurisdictional. The statute at least fixes a period of limitation beyond which an appeal may not be taken.

"The appellant relies upon *Sipes v. Puget Sound Elec. R. Co.,* 50 Wash. 585, 97 Pac. 723. A reference to that case will disclose that the appeal was retained because the notice of appeal had been served upon all parties who had any interest in the cause. The notice was not served upon a co-defendant in whose favor the judgment was entered in the lower court in harmony with the verdict of the jury. It was held that the legislature never contemplated the service of the notice of appeal on parties who could not appeal or join in an appeal, and whose rights could in no manner be affected by any action the appellate court might take."

The foregoing holding that a surety upon a claim and delivery bond, against whom judgment was entered, appears in the action, within the meaning of § 5, chapter 61, Laws of 1893, p. 121, and a notice of appeal is fatally defective where it was not served upon the surety, is contrary to the holding of the majority in the case at bar.

See, also, *McKay v. Stephens,* 81 Wash. 306, 142 Pac. 662.

We held, in *Crawford v. Seattle, R. & S. R. Co.*, 92 Wash. 670, 159 Pac. 782, that, under the statutory provision requiring notice of appeal to be served upon all parties who appeared in the action, an appeal from an order in a receivership proceeding directing the sale of property to satisfy creditors' claims must be dismissed, where it was not served upon the petitioner for the sale who was a party to the judgment or order of sale.

In *In re Myhren's Estate*, 95 Wash. 101, 163 Pac. 388, we simply held that, under § 5, chapter 61, Laws of 1893, p. 121, a notice of appeal by one of the parties affected must be served upon co-parties who appeared below, notwithstanding such co-parties will be benefited by a reversal of the judgment. I note the quotation in the majority opinion from the case cited. The language quoted above is not necessary to a disposition of that appeal. It is pure dictum. If not, *it is in direct conflict with Robertson Mortgage Co. v. Thomas*, 60 Wash. 514, 111 Pac. 795, *which is cited to sustain the holding.*

In *Carlson v. Vashon Navigation Co.*, 102 Wash. 75, 172 Pac. 860, we held (contrary to the position taken by one of our late, able judges in *Canal Lumber Co. v. Kong Yick Inv. Co.*, 67 Wash. 126, 120 Pac. 882) that a notice of appeal from an order granting a new trial is not amendable to make it an appeal from the final judgment, within § 19, chapter 61, Laws of 1893, p. 129, chapter 49, Laws of 1899, p. 79, Rem. Rev. Stat., § 1734, allowing amendments in matters of form, since the defect was not in form but in substance.

*Cole v. Washington Motion Picture Corp.*, 112 Wash. 548, 192 Pac. 972, was written by the late Judge Fullerton, who again voiced his opposition to regulation by the legislature of the constitutional (?) right of appeal. Into that opinion is written that which is

not borne out by my examination of our opinions, both prior to and subsequent to *Sipes v. Puget Sound Electric R. Co.,* 50 Wash. 585, 97 Pac. 723. It can hardly be said that *Cole v. Washington Motion Picture Corp., supra,* in which we said:

"The code (Rem. Code, § 1719), provides that an appeal may be taken by giving notice in open court at the time the judgment or order appealed from is rendered or made, or by serving written notice on the prevailing parties within the time elsewhere limited for taking appeals. It is further provided (Id., § 1720) that

" 'When the notice of appeal is not given at the time when the judgment or order appealed from is rendered or made, it shall be served in the manner required by law for the service of papers in civil actions and proceedings, upon all parties who have appeared in the action or proceeding. . . .'

"Construing these statutes, this court has held that the object and purpose of the legislature was to require all interested parties to jointly prosecute their appeals and cross-appeals, so that the same cause might not appear in the appellate court by piecemeal. *Sipes v. Puget Sound Elec. R. Co.,* 50 Wash. 585, 97 Pac. 723. It held in the same case, and has held in later cases, that this object was accomplished when all parties who appeared in the action and whose rights in the judgment or order appealed from could be adversely affected by the action of the appellate court were served, even though a party may be omitted who would be included by a literal interpretation of the statute. But further than this the court has not gone. It has uniformly insisted that all parties to an action or proceeding who have appeared therein and whose rights in the judgment or order appealed from may or can be adversely affected by the judgment of the appellate court must be served with the notice of appeal, else the appeal will be ineffectual and a dismissal necessitated. The cases need not be here collected. Sufficient of them to illustrate the principle are found in the briefs of counsel, and others will be found in

the footnotes to the sections of the statute cited where found in the code from which they are taken."

sustains the position of the majority in the case at bar. Quite the contrary.

*Cole v. Washington Motion Picture Corp., supra,* upon which the majority relies and from which the majority opinion quotes, is approved in *Stone v. Brakes, Inc.,* 172 Wash. 644, 21 P. (2d) 524, and in *United Truck Lines v. Department of Public Works,* 181 Wash. 318, 42 P. (2d) 1104, but neither of the last two cited authorities contains any language from which it may be reasonably inferred that the rule for which the majority contends was approved. That question was not present in either of those two cases.

In *Puget Sound Savings & Loan Ass'n v. Erickson,* 138 Wash. 578, 244 Pac. 972, it was held that an appeal from a mortgage foreclosure must be dismissed where the notice of appeal was not served upon appellant's co-defendants, who appeared in the action and were affected by the judgment. It may be implied from some of the language in that case that the rule has been modified, but loose language should not be utilized to sustain one's interpretation of what a rule may or should be.

We held, in *Studebaker v. Buckingham,* 136 Wash. 346, 240 Pac. 4, under § 5, chapter 61, Laws of 1893, p. 121, Rem. Rev. Stat., § 1720, that an appeal from the judgment in interpleader will be dismissed where notice was not served upon a bank which appeared and answered on the merits, after being made a party for the purpose of determining the amount of its liability for costs and expenses chargeable against the fund, resulting in judgment against the bank therefor.

The motion to dismiss the appeal on the ground that the notice of appeal was not served upon Oser

Dreck Company and the other defendants should be granted. We should choose *now* which way we shall go, what rule we shall adopt and follow, and not esteem too highly loose language in opinions which were the brain children of those who desired and sought to overrule the statute and enunciate a rule contrary to the undoubted meaning of the statute. We should follow the statute and the precedents in harmony therewith, or *now* promulgate a different rule expressly overruling contrary opinions and expressly repealing the statute.

I am also of the view that the statement of facts should be stricken and the judgment affirmed.

John Emory Deno and Paul Dudley, who are minors, each by his guardian *ad litem,* instituted an action against the Standard Furniture Company, a corporation, Berman Schoenfeld, L. Kenneth Schoenfeld and wife, Herbert A. Schoenfeld and Oser Dreck Company, a corporation, to recover for personal injuries sustained by the two minors as the result of a fall from a rear stairway of a three-story frame building owned by the Standard Furniture Company and leased by it to the Oser Dreck Company.

The two actions were consolidated for trial and appeal. The causes were tried to a jury. After plaintiffs had introduced their evidence and rested, a challenge to the sufficiency of the evidence on behalf of all of the defendants except the Oser Dreck Company was sustained, and the two actions were dismissed as to those defendants.

Testimony was then submitted on behalf of the Oser Dreck Company. The trial of the two causes resulted in a verdict in favor of each plaintiff as against the Oser Dreck Company. Plaintiffs appealed from that portion of the judgments in favor of the defendant Standard Furniture Company.

Counsel for appellants contend that, under the evidence in these cases, there was presented for determination by the jury a question of fact as to whether the Oser Dreck Company was a subsidiary of the respondent and used as a mere agency or instrumentality of the respondent through which respondent conducted its business. It is also urged that a question of fact was presented for determination of the jury whether the respondent knew, or by reasonable inspection should have known, of the defectiveness of the railings of the stairway as a result of which defective condition the appellants sustained the injuries for which they seek recovery against the respondent.

We note that the trial court certifies that the statement of facts contains all of the material facts, etc., "to and including the order of the court dismissing all defendants herein except the Oser Dreck Company." That certificate appears on page 148 of the statement of facts. On page 147 is recorded the statement by the court:

"Members of the jury, by reason of the law the only defendant remaining in this case, the others having been dismissed, is the tenant or lessee in the operation of this building, the Oser Dreck Company."

Then follows the statement:

"(Mr. Smith then made an opening statement to the jury of the defendant Oser Dreck's case and testimony was submitted on behalf of said Oser Dreck Company only. At the conclusion of all the testimony the court instructed the jury in writing; respective counsel presented their arguments to the jury, and the jury retired to consider its verdicts.)"

That is to say, there was other evidence which has not been brought to this court in the statement of facts.

The statute, Rem. Rev. Stat., § 391 [P. C. § 7819], provides:

"The judge shall certify that the matters and proceedings embodied in the bill or statement, as the case may be, are matters and proceedings occurring in the cause and that the same are thereby made a part of the record therein; and, when such is the fact, he shall further certify that the same contains all the material facts, matters and proceedings heretofore occurring in the cause and not already a part of the record therein, or (as the case may be) such thereof as the parties have agreed, to be all that are material therein."

In the case at bar, the certificate reads as follows:

". . . certify that the matters and proceedings contained in the foregoing statement of facts are matters and proceedings occurring in said cause, and the same are hereby made a part of the record therein. And I do further certify that the same contains all the material facts, matters and proceedings heretofore occurring in said cause, and not already made a part of the record therein, from the beginning of the trial of said causes to and including the order of the court dismissing all defendants herein except the Oser Dreck Company.

"I do further certify that the foregoing statement of facts contains all the evidence and testimony introduced upon the trial of said cause, to and including said order of the court dismissing all defendants except the Oser Dreck Company, together with all objections and exceptions made and taken to the admission or exclusion of testimony or evidence, and all motions, offers to prove, stipulations, and admissions upon the trial of said cause to and including said order."

Clearly, the determination of the questions of fact requires review of the entire evidence. We have uniformly held that, when, as in the case at bar, we do not have before us any statement of facts certified as containing *all* of the evidence introduced upon the

trial, and the appeal presents questions of fact requiring review of the entire evidence, the statement of facts will be stricken and the judgment affirmed. *Larson v. Seattle,* 121 Wash. 75, 208 Pac. 54; *King v. Manson,* 165 Wash. 90, 4 P. (2d) 885.

The certificate clearly states that, while the statement of facts contains all the material facts, etc., it contains *only all* of the facts down to and including the order of the court dismissing all the defendants except the Oser Dreck Company. After the dismissal of all of the defendants except the Oser Dreck Company, testimony was submitted on behalf of said company. What that testimony was, we do not know, as it is not in the statement of facts.

If it be, as the majority opinion holds, that it was a question for the jury whether the Oser Dock Company was merely an instrumentality or conduit of the Standard Furniture Company in the maintenance and operation of the Denny House, surely the testimony submitted on behalf of the Oser Dreck Company should be in the statement of facts. In its absence, it must be conclusively presumed that it would have sustained the position of the respondent that the Oser Dreck Company was not an instrumentality or conduit of the Standard Furniture Company.

The judgment should be affirmed.

HOLCOMB, J. (concurring in part with MILLARD, J.)— While I do not agree with all of the statements contained in the dissenting opinion of Judge Millard, I heartily concur in his analysis of the decisions and what the law should be on the question of the dismissal of appeals.

I conclude, however, that the certificate attached to the record, quoted in the dissent, is sufficient to bring the necessary questions of fact here for review as to

the right of Oser Dreck Company and of appellants to recover from it.

There is no question in my mind but that the judgment should be affirmed upon the merits as the record stands here.